**BOEMLER CHEVROLET CO., INC., Respondent,**

v.

**Albert COMBS and Ernestine Combs, Appellants.**

No. 53988.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 27, 1988.

Rodolfo Rivera, Fortus, Anderson & Rivera, Clayton, for appellants.

Ronald A. Wegmann, Paul T. Krispin, Jr., Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stroll, Hillsboro, for respondent.

CRIST, Judge.

Appellants (consumers) appeal from an order holding them in contempt of court for violation of a preliminary injunction limiting the methods by which consumers could demonstrate against respondent (dealer). We dismiss the appeal as premature.

The circumstances leading to the injunction arose in July 1986, when consumers purchased a 1986 Chevrolet Suburban vehicle from dealer. Consumers were dissatisfied with the factory paint job on the

vehicle, so dealer repainted it. Consumers were not satisfied with the repaint job. In October 1986, consumers began picketing, carrying signs, and demonstrating in front of dealer's property and on the highway right-of-way.

In December 1986, dealer filed its amended petition for a preliminary and permanent injunction against consumers' activities. On January 6, 1987, the trial court issued a preliminary injunction limiting consumers' rights to demonstrate against dealer. On March 9, 1987, consumers filed a counterclaim to dealer's petition seeking rescission of the sale of the automobile on the ground the paint job was not of the same quality as a factory paint job.

The trial court found consumers in contempt for violating the preliminary injunction, and sentenced them to ten days in jail with the execution of that sentence stayed so long as consumers did not continue to violate the injunction, reimbursed dealer its attorney's fees in the amount of $600, and paid court costs.

Consumers appeal the contempt order on the grounds of insufficient evidence. Their appeal must be dismissed because the civil contempt order was not a final judgment. "A civil contempt order is not a final judgment until the order is enforced." *City of Florissant v. Lee*, 714 S.W.2d 871, 873[4] (Mo.App.1986) (contemnor wishing to appeal must wait until the court's order is enforced by actual incarceration pursuant to a warrant of commitment). *Id.* [5]. Consumers admit they have partially purged themselves of the civil contempt order by payment of the attorney fees and costs. However, because the judge suspended execution of their sentences, the order has not been enforced and is interlocutory in nature and not final for purposes of appeal.

Appeal dismissed without prejudice.

CRANDALL, P.J., and REINHARD, J., concur.