**William E. ROUSSIN, Appellant,**

v.

**Barbara L. ROUSSIN, n/k/a Barbara L. Porter, Respondent.**

**No. 56656.**

Missouri Court of Appeals, Eastern District, Division Five.

June 26, 1990.

O'Loughlin, O'Loughlin & McManaman, Kenneth C. McManaman, Cape Girardeau, for appellant.

Biggs and Hensley, Philip Heagney, St. Louis, for respondent.

SIMON, Chief Judge.

Husband, William E. Roussin, appeals from an order entered February 14, 1989 as amended February 27, 1989 which modified certain provisions of his decree of dissolution to Wife, Barbara L. Roussin, n/k/a Barbara L. Porter. On appeal, Husband contends that the trial court's order as amended is against the weight of the evidence and constituted an abuse of discretion in: (1) failing to grant Husband actual physical custody of the parties' minor child at all times with certain specified exceptions; (2) failing to eliminate or reduce the amount of child support payable by Husband to Wife; and (3) ordering Husband to pay a total of $8250.00 as and for a portion of Wife's attorney fees. Additionally, Husband claims error in the trial court's failure to set an amount for a supersedeas bond for his child support obligation while this appeal is pending. We affirm.

The parties married December 28, 1971. Husband is an attorney, and Wife is a teacher. The marriage produced one child: John Mathew Roussin, born February 6, 1980. On October 31, 1984, Husband filed his petition for dissolution of marriage. A decree of dissolution was entered December 11, 1984 which incorporated by reference the terms of a separation agreement and a joint custody plan entered into by the parties. Pursuant to the decree, joint legal custody of the minor child was awarded to Husband and Wife. Actual physical custody of the minor child was awarded to Wife

on a primary basis with Husband having temporary physical custody on alternate weekends, specified times during the week, specified times on holidays, and a block of time in the summer months.

Child support in the amount of $1000.00 per month was ordered to be paid by Husband. The decree further provided that disagreements in the custody arrangement shall be resolved through the use of a third party mediator, and that no motion to modify shall be commenced until attempts to resolve disputes through mediation have failed.

Sometime after the decree of dissolution was entered, both parties orally agreed to voluntarily rearrange the physical custody schedule for their minor son so that each party would have physical custody of John approximately fifty percent of the time. Husband's physical custody of John thereby was increased to every Monday and Tuesday and on alternate weekends. Husband did not, at that time, move for a reduction of child support commensurate with his increased physical custody.

Without engaging in third party mediation as required by the decree of dissolution, Husband filed a motion to modify child custody and child support on July 8, 1987. That motion was amended on August 12, 1987 and requested that legal and primary physical custody of the minor child be transferred to Husband, that Husband's child support obligation be dissolved, and that Wife be ordered to pay a reasonable sum as and for Husband's attorney fees. As grounds for his motion to modify, Husband alleged that Wife was endangering the morals and welfare of the minor child due to her cohabitation with a man to whom she was not married, refusal to confer with Husband regarding decisions, attempts to alienate the minor child's affections toward Husband, and failure to properly care for the minor child.

Subsequently, on June 20, 1988, Wife filed her own motion to modify child custody and child support along with a request for reasonable attorney fees. Wife requested that legal custody of the minor child be transferred to her, that she be granted continuous physical custody throughout the school week, that Husband be ordered to continue to pay all educational expenses and health care costs for the minor child as provided in the decree of dissolution, or in the alternative, that Husband's child support obligation be increased from $1000.00 to $1400.00 per month, and that Husband be ordered to pay Wife's reasonable attorney fees. As grounds for her motion to modify, Wife alleged that the parties' plan for joint legal custody was not working, Husband is unable to put the best interests of the minor child ahead of his own, and the educational costs and the costs of providing basic necessities for the minor child have increased since the entry of the decree of dissolution.

A hearing was held on the motions to modify at which the minor child, both parties, and their respective witnesses testified. By that time, both parties had remarried.

Subsequently, the trial court entered its order on February 14, 1989, finding that there had been a continuing and substantial change of circumstances regarding the legal custody of the minor child since the entry of the decree of dissolution. The trial court's order provided: (1) transfer of sole legal custody of the minor child to Husband; (2) maintenance of the physical custody arrangements as set forth in the separation agreement and joint custody plan made a part of and incorporated by reference in the original decree of dissolution; and (3) that Husband shall pay $7500.00 as a portion of Wife's attorney fees consistent with § 452.355 RSMo 1986.

On its own motion, the trial court amended its original modification order on February 27, 1989. The amended order clarified the exact times that Husband was to have physical custody of the minor child which tracked more closely the parties' oral arrangement regarding physical custody. The amended order further directed Husband to continue to pay child support in the amount of $1000.00 per month.

Husband then filed a motion for new trial or, in the alternative, to amend the judgment. Wife filed a motion to amend

the judgment, and a motion for award of attorney fees for post-judgment legal services. On April 26, 1989, the trial court entered an order directing Husband to pay an additional $750.00 as and for a portion of Wife's attorney fees, and denied in all other respects the respective post-trial motions.

On May 5, 1989, Husband filed a notice of appeal and a motion to fix the amount and form of a supersedeas bond regarding his obligations to pay child support and attorney fees pending appeal. The trial court granted the bond on May 23, 1989 as to attorney fees but not as to Husband's child support obligation, stating:

> The Court being fully informed finds that its Orders in this cause as to money judgements, run only as to attorney fees awarded; the Court did not disturb the previous child support amount agreed upon by the parties and made a part of the initial Decree of 11 December 1984. Thus, the Court is persuaded that it cannot enter an order suspending payments as to child support pending appeal, but that the Supersedeas Bond would only have effect as to attorney fees awarded.

Husband petitioned for a writ of prohibition requesting this court to instruct the trial court below to allow Husband to post a bond for his child support obligation on June 5, 1989. On June 13, 1989, Husband also filed with this court a motion to remand the case to the trial court with instructions to fix an amount and form for a supersedeas bond as to the child support obligation. The writ of prohibition and motion to remand were denied by this court.

Our standard of review is set forth in *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654[1–3] (Mo. banc 1989), i.e., the trial court's decree shall be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Further, discretion is given to the trial court due to its opportunity to have judged the credibility of the witnesses. *Id.*

■ In his first point on appeal, husband contends that the trial court erred in failing to grant him actual physical custody of the minor child because said order was against the weight of the evidence and constituted an abuse of discretion where Husband proved by clear and convincing evidence that it was in the best interest of the minor child to be in Husband's actual physical custody.

A child custody decree may be modified when the change of circumstances of the child or custodian is significant, and the best interest of the child is the main concern. *Kean v. Kean*, 754 S.W.2d 922, 923[1–3] (Mo.App.1988); § 452.410 RSMo 1986. Husband, in this case, had the burden to show that a change in circumstances had occurred and that modification was necessary to serve the best interest of the child. *Wilhelmsen v. Peck*, 743 S.W.2d 88, 92[1] (Mo.App.1987). Although we have authority to reverse a custody award, that authority should be exercised with caution and only if we firmly believe that the decree is wrong. *Kean*, 754 S.W.2d at 923[1–3]. We presume that the trial court considered all the evidence and awarded custody based on what it considered to be in the child's best interests. *Indermuehle v. Babbitt*, 771 S.W.2d 873, 875[1] (Mo.App. 1989).

The record clearly indicates that there has been a change of circumstances since the original custody decree. Both parents have remarried, job situations have changed, and the mother's residence has recently changed. Although it is obvious that the parents have different philosophies with regard to raising their child, there is nothing in the record to indicate that due to these changes in circumstances that the child's interests would be better served if physical custody had been granted to the father. We presume the expert testimony presented on behalf of the husband was considered by the trial court and we are in no position to second guess its determination as to credibility. We find the trial court's findings to be supported by substantial evidence and thus, there was no abuse of discretion. Point denied.

■ Husband's second point on appeal states that the trial court erred in failing to

eliminate or reduce the child support payable by the Husband to the Wife. According to § 452.370.1 RSMo 1986, a support decree may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Our review of the record supports the trial court's finding that while there may have been changes in circumstances that were substantial and continuing, these changes did not render the terms of the decree unreasonable. Husband's income has increased substantially since the original decree. He now earns approximately $125,000 per year and when combined with his present wife's income, the total is approximately $250,000. Wife's earnings are approximately $15,500, and although she has supplemented her income with her present husband's earnings of approximately $20,000 per year, she is still having difficulty making ends meet. We find no abuse of discretion. Point denied.

■ Husband, in his third point, claims that the trial court erred in ordering him to pay wife's attorney's fees because said order was against the weight of the evidence and constituted an abuse of discretion. Considering the evidence presented, the Husband was in a better position financially to handle the costs of the litigation. Further, he failed to engage in mediation as required by the decree prior to filing his motion to modify. The trial court did not err in ordering Husband to pay a portion of wife's attorney's fees. We find no abuse of discretion. Point denied.

■ Husband's final point on appeal alleges that the trial court erred in overruling his motion to set amount of supersedeas bond because the trial court does not have the discretion to refuse to set an amount for supersedeas bond altogether. To support his argument, Husband looks to Rule 81.09 of the Missouri Rules of Civil Procedure which states, "Appeals shall stay the execution in the following cases: ... (2) when the appellant, at or prior to the time of filing notice of appeal, presents to the court for its approval a supersedeas bond which shall have surety or sureties as the court requires." Husband's argument, however, is inapplicable to this situation. The purpose of a supersedeas bond is to stay the execution, pending the appeal, of an order commanding some act to be done, where the case is not within the class of cases in which the appeal itself operates as a supersedeas. *Green v. Perr*, 238 S.W.2d 922, 923[1,2] (Mo.App.1951). The imposition of Husband's $1,000 per month child support payments was ordered in the original decree of December 11, 1984 not in the amended order of February 27, 1989 or the trial court's order of May 23, 1989 from which he is appealing. The time for appeal of the child support payments has passed and thus the trial court did not abuse its discretion in denying Husband's motion to set amount for a supersedeas bond. Point denied.

Judgment affirmed.

ROBERT G. DOWD and JOSEPH J. SIMEONE, Senior Judges, concur.