Susan **CRENSHAW**, **Respondent**,
Raymond Crenshaw,
Defendant,

v.

**REFUSE SERVICE, INC., Appellant.**

**No. WD 50568.**

Missouri Court of Appeals,
Western District.

Oct. 3, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1995.

Rodger J. Walsh, Independence, for appellant.

Claire C. McCaskill, Pros. Atty., Raoul C. Stitt, Asst. Pros. Atty., Jackson County, Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and ELLIS, JJ.

ULRICH, Judge.

This appeal concerns a contempt order against Refuse Service, Inc., for failing to withhold sufficient amounts from the pay of an employee and to pay the amounts into court as required under section 454.505, RSMo 1994. The appeal is dismissed.

## Factual Background

Raymond Crenshaw, an employee of Refuse Service, had child support obligations imposed under a 1986 dissolution of marriage decree. In March 1989, the Division of Child Support Enforcement issued to Refuse Service an Order To Withhold and Pay Over. That order required Refuse Service to withhold $240 a month from Mr. Crenshaw's pay. Refuse Service withheld a lesser portion of Mr. Crenshaw's pay, and sent payments to the circuit court administrator. Mr. Crenshaw stopped working for Refuse Service in June 1991.

In 1994, the county prosecutor, on behalf of Susan Crenshaw, instituted contempt proceedings against Refuse Service for failure to comply with the order. The Application for Contempt alleged that Refuse Service had failed to withhold sufficient amounts from Mr. Crenshaw's pay during his 27 month employment. After a hearing, the trial court held Refuse Service in contempt of the Order to Withhold and Pay Over, and ordered Refuse Service to pay $4,054, the amount of the claimed deficiency[1].

## Statutory Background

The Enforcement of Support Law, Chapter 454, RSMo 1994, provides methods for collecting child support claims that have been assigned to the state and that have become state debts. Section 454.505.1 authorizes special procedures for garnishing an obligated parent's pay. Subsection 1 also vests the Director of the Division of Child Support Enforcement with authority to order the employer to withhold and pay over money due or money becoming due the obligated parent. Under section 454.490, once the Director's order is entered in the judgment docket of the circuit court of the county in which the parent or the dependent child resides, it acquires the force, effect, and attributes of a docketed order or decree of the circuit court. By virtue of its new status, the Director's order is then subject to enforcement by contempt of court and by supplementary proceedings. Section 454.505.8 imposes liability on an employer who fails or refuses to withhold or pay over the amounts as ordered. Under subsection 8, the employer is liable to the party holding the support rights for the amount which should have been withheld and paid over under the order.

## Dismissal of Appeal

Although the county prosecutor had statutory authority to initiate contempt proceedings against Refuse Service, the resulting contempt order fails to constitute a final judgment amenable to appellate review. An order of civil contempt does not become a final judgment for purposes of appeal until that order is enforced by actual incarceration or imposition of a per diem fine. *Missouri Hosp. Ass'n v. Air Conservation Comm'n,* 900 S.W.2d 263, 266 (Mo.App.1995). Here, the contempt order directs Refuse Service to pay $4,054 through the court administrator to purge itself of the contempt. The order further notes that the court will consider other methods of collection if Refuse Service is unable to purge itself of the contempt within a reasonable time. Missing from the order are any recognized mechanisms available to enforce a civil contempt. Consequently, the contempt order is not complete, and not appealable. *Id.* at 266–67. The appeal is dismissed.

All concur.

---

1. Neither party addresses an apparent error in subtraction in calculating the amount of the deficiency:

| | | |
|---|---|---|
| Amount Due | $6,480 | ($240 × 27 months) |
| Amount Withheld | $2,626 | |
| Amount Owed | $3,854 | (Not $4,054) |