**Velma G. BAILEY, Petitioner/Appellant,**

v.

**Dorian Bell AMON,
Respondent/Respondent.**

**No. 69787.**

Missouri Court of Appeals,
Eastern District.

Feb. 18, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 31, 1997.

Elbert A. Walton, Jr., St. Louis, for petitioner/appellant.

Dorian Amon, St. Louis, for respondent/respondent.

CRANE, Presiding Judge.

Velma G. Bailey (mother) appeals from the trial court's contempt judgment finding her in contempt for her refusal to permit Dorian Amon (father) to exercise his visitation and temporary custody rights regarding the parties' daughter, H.K.A., under the court's orders. Father filed a motion to dismiss on the grounds that the contempt judgment was not a final appealable order. We dismiss on this ground.

Father was declared the biological father of H.K.A., born September 4, 1989, under the trial court's Consent Order entered on May 20, 1992 and amended on June 23, 1994. Under this order, mother was awarded custody and father was awarded temporary custody and visitation of H.K.A. The order has been the subject of subsequent litigation and modification which we will not recount here.

On father's motion the trial court found mother in civil contempt for depriving father of periods of temporary custody and ordered mother to pay father the sum of $5,000.00 to be set off against any outstanding amounts owing by father under a support order. It specifically ordered:

> 1. Mother shall be, and hereby is, in contempt for her willful and intentional refusal to permit Father to exercise his rights under the said orders to visitation and temporary custody with the minor child, and, as a result, to compensate Father, at least in part, for the periods of visitation and temporary custody of the

minor child lost as a direct result of her behavior, Mother shall pay to Father the sum of $5,000.00, which shall be set off against any outstanding amounts owing by Father to Mother under the said order for support of the minor child.

Father moved to dismiss this appeal on the basis of *Houttuin v. Houttuin,* 780 S.W.2d 711, 713 (Mo.App.1989) in which we held a civil contempt order is not a final judgment until the order is enforced and is therefore not appealable.

■ An order finding a party in contempt is interlocutory in nature and is not appealable until it has been enforced. *21 West, Inc. v. Meadowgreen Trails, Inc.,* 913 S.W.2d 858, 883 (Mo.App.1995). A judgment of contempt ordering the payment of a fine to coerce compliance with a court order or to remedy noncompliance is not appealable until the party asking for contempt enforces the fine by executing on it. *Id.*

■ The record in this court fails to show any attempt to execute on the court's order of contempt. There is no record in this court of an order determining the "outstanding amounts owing by father," or that these amounts have in fact been set off; or any record of an execution on any balance. Therefore, the order is interlocutory and not appealable. We accordingly dismiss, without prejudice, mother's appeal.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.