In re the MARRIAGE OF:
Juanita Marie CROW

and

Dwight Allen GILMORE.

No. SC 84929.

Supreme Court of Missouri,
En Banc.

May 13, 2003.

James R. Sharp, Springfield, for appellant.

Randy J. Reichard, Springfield, for respondent.

DUANE BENTON, Judge.

Juanita Marie Crow moves to dismiss the appeal by her ex-spouse, Dwight Allen Gilmore, of a judgment holding him in contempt. After opinion by the Court of Appeals, a dissenting judge certified the case to this Court. *Mo. Const. art. V, sec. 10.* The appeal of the contempt "judgment" is dismissed as premature. The modification of child support is reversed in part, and the case remanded.

### I.

In 1992, the circuit court entered a dissolution decree. In 2000, Husband moved to modify, requesting a change in child support. Wife counter-moved to increase support. She also moved to find him in contempt for failing to pay past support

and a bank debt—both ordered in the original decree.

In 2001, the trial court—by a "Judgment of Modification and Contempt"—increased Husband's child support, and held him in contempt. The contempt portion says:

> 4. Respondent, Dwight Allen Gilmore, shall be committed to the custody of the sheriff of Stone County, Missouri, until such time as he purges himself of contempt, or until he is otherwise discharged by law.
>
> 5. Execution of this judgment with regard to respondent's incarceration shall be stayed so long as respondent complies with the following provisions by which he may purge himself of contempt:
>
> A. Payment to petitioner of $10,930.71, representing the principal unpaid amount of the People's Bank obligation, plus interest from and after June 20, 1994, the date the obligation was paid by petitioner, plus child support arrearages in the amount of $2,400.00, said payment to be made within sixty (60) days from the date of this judgment.
>
> B. Upon respondent's failure to comply with the purge order set forth above, a warrant for his arrest and order for his commitment to the Stone County sheriff shall issue forthwith without further hearing.
>
> C. This court retains jurisdiction of this contempt action until the contempt has been purged.

The court also ordered Husband to pay Wife's attorney fees "due to his contempt and in consideration that he makes substantially more income than [Wife] does."

Husband appeals, alleging the trial court erred in: 1) holding him in contempt, 2) ordering him to pay attorney fees, and 3) increasing his child support obligation.

Wife moves to dismiss Husband's first and second points, asserting that the contempt "judgment" is not final and appealable.

## II.

■■■ A civil contempt order is appealable. See *State ex rel. Nesser v. Pennoyer,* 887 S.W.2d 394, 396 (Mo. banc 1994); *Teefey v. Teefey,* 533 S.W.2d 563, 565 (Mo. banc 1976). Like other judgments, a civil contempt order must be final before it may be appealed. See *section 512.020 RSMo 2000*; *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. banc 1997); *Whitworth v. Jones,* 41 S.W.3d 625, 629 (Mo. App.2001). If the "Judgment of Modification and Contempt" is not final, this Court lacks jurisdiction and must dismiss the appeal. See *City of St. Louis,* 950 S.W.2d at 852.

■■■ "Civil contempt is intended to benefit a party for whom an order, judgment, or decree was entered. Its purpose is to coerce compliance with the relief granted." *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 578 (Mo. banc 1994). In response to a civil contempt order, the contemnor has two options.

First, the contemnor may purge the contempt by complying with the order. The case then becomes moot and unappealable. See *Union Hill Homes Ass'n Inc. v. RET Development Corp.,* 83 S.W.3d 87, 92 (Mo. App.2002); *Whitworth,* 41 S.W.3d at 629; *McGee v. McGee,* 25 S.W.3d 489, 490 (Mo. App.2000); *In re Marriage of Beaver,* 954 S.W.2d 717, 721 (Mo.App.1997); *Clark v. Myers,* 945 S.W.2d 702, 703 (Mo.App.1997); *Strickland v. Strickland,* 941 S.W.2d 866, 867 (Mo.App.1997); *Brock v. Brock,* 936 S.W.2d 882, 888–89 (Mo.App.1997); *Happy v. Happy,* 903 S.W.2d 609, 610 (Mo.App. 1995); *State ex rel. Watson v. Watson,* 858

S.W.2d 841, 842 (Mo.App.1993); *Houttuin v. Houttuin,* 780 S.W.2d 711, 713 (Mo.App. 1989); *City of Florissant v. Lee,* 714 S.W.2d 871, 873 (Mo.App.1986); *Niehoff v. Forney,* 692 S.W.2d 635, 637 (Mo.App. 1985); *Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App.1983). But see *Happy v. Happy,* 941 S.W.2d 539, 543 (Mo.App. 1997); *Carmack v. Carmack,* 947 S.W.2d 842, 847 (Mo.App.1997).

■ Second, the contemnor may appeal the contempt order. For purposes of appeal, a civil contempt order is not final until "enforced." *Union Hill Homes,* 83 S.W.3d at 92; *Smith v. Smith,* 75 S.W.3d 815, 827–28 (Mo.App.2002); *Whitworth,* 41 S.W.3d at 629; *Beaver,* 954 S.W.2d at 721; *Carmack,* 947 S.W.2d at 847; *Clark,* 945 S.W.2d at 703; *Bailey v. Amon,* 941 S.W.2d 657, 658 (Mo.App.1997); *Strickland,* 941 S.W.2d at 867; *Brock,* 936 S.W.2d at 888–89; *Matter of Estate of Keathley,* 934 S.W.2d 611, 614 (Mo.App. 1996); *C.L. Smith Indus. Co., Inc. v. Matecki,* 914 S.W.2d 873, 878 (Mo.App.1996); *Crenshaw v. Refuse Service, Inc.,* 908 S.W.2d 845, 846 (Mo.App.1995); *Happy,* 903 S.W.2d at 610; *Watlow Elec. Mfg. Co. v. Wrob,* 878 S.W.2d 63, 65 (Mo.App.1994); *Watson,* 858 S.W.2d at 842; *Yalem v. Yalem,* 811 S.W.2d 493, 494 (Mo.App.1991); *City of Pagedale v. Taylor,* 790 S.W.2d 516, 518 (Mo.App.1990); *Saeuberlich v. Saeuberlich,* 782 S.W.2d 78, 80 (Mo.App. 1989); *Houttuin,* 780 S.W.2d at 713; *Torrence v. Torrence,* 774 S.W.2d 880, 881 (Mo.App.1989); *City of Florissant,* 714 S.W.2d at 873; *Creamer v. Banholzer,* 694 S.W.2d 497, 499 (Mo.App.1985); *Niehoff,* 692 S.W.2d at 637; *Hamilton,* 661 S.W.2d at 83.

■ When "enforcement" occurs depends on the remedy. Two remedies to coerce compliance are compensatory *per diem* fines and imprisonment. See *Odom v. Langston,* 358 Mo. 241, 213 S.W.2d 948, 951–52 (banc 1948); *Tashma v. Nucrown, Inc.,* 23 S.W.3d 248, 251–52 (Mo.App.2000).

■ When the remedy is a fine, the contempt order is "enforced" when the moving party executes on the fine. See *Union Hill Homes,* 83 S.W.3d at 92; *Bailey,* 941 S.W.2d at 658; *Keathley,* 934 S.W.2d at 614; *21 West, Inc. v. Meadowgreen Trails, Inc.,* 913 S.W.2d 858, 883 (Mo.App.1996); *City of Pagedale,* 790 S.W.2d at 518. In this case, the contempt order does not include a fine.

■ When the remedy is imprisonment, the traditional rule is that the contempt order is "enforced" when there is "actual incarceration pursuant to a warrant [or order] of commitment." *Beaver,* 954 S.W.2d at 721; *Clark,* 945 S.W.2d at 703; *Strickland,* 941 S.W.2d at 867; *Watlow Elec.,* 878 S.W.2d at 65; *Watson,* 858 S.W.2d at 842; *Houttuin,* 780 S.W.2d at 713; *Torrence,* 774 S.W.2d at 881; *City of Florissant,* 714 S.W.2d at 873; *Niehoff,* 692 S.W.2d at 637; *Hamilton,* 661 S.W.2d at 83.

There is some confusion whether actual incarceration is required, or whether an order of commitment is sufficient "enforcement," to make a contempt order final for purposes of appeal. Some cases require actual incarceration. See *Watson,* 858 S.W.2d at 842; *Hamilton,* 661 S.W.2d at 83. Others appear to require only an order of commitment. See *Watlow Elec.,* 878 S.W.2d at 65; *Houttuin,* 780 S.W.2d at 713.

This Court has intimated that an order of commitment is sufficient to "enforce" a contempt order.[1] In issuing an order of

---

1. "Although a person normally may not be imprisoned for contempt of an order directing the payment of money, a person may be incarcerated for failure to comply with an order

commitment, the trial court imposes the specific remedy—incarceration. At this point, the contempt order changes from mere threat to "enforcement," and becomes final and appealable. See *Rule 81.04(a)*; *section 512.050 RSMo 2000*.

Here, the contempt order was not enforced. By the words of the "judgment," incarceration was conditioned on Husband's failure to purge the contempt within 60 days. If he failed, the court could impose incarceration by issuing an order of commitment. Husband failed to purge the contempt. However, an order of commitment never issued. Until incarceration is ordered, the contempt order is not "enforced," and remains interlocutory and unappealable. See *Boemler Chevrolet Co. v. Combs*, 764 S.W.2d 655, 656 (Mo.App. 1988); *Hamilton*, 661 S.W.2d at 83; see also *Appealability of Contempt Adjudication or Conviction*, 33 A.L.R.3d 448, 570–73 (1970, Supp.2002).

After the 60–day purging period passed, the trial court approved a supersedeas appeal bond by Husband "to cover the amount of the judgment remaining unsatisfied, costs on the appeal, interest and damages for delay." Husband claims that this bond—like a bond after incarceration—stays the contempt order, sufficiently enforcing it for purposes of appeal.

Posting a supersedeas appeal bond does not enforce a contempt order. Rather, as Husband admits, it stays enforcement of a judgment while an appeal is pending. See *Rule 81.09(a)*; *section 512.080 RSMo 2000*; *Roussin v. Roussin*, 792 S.W.2d 894, 898

(Mo.App.1990). Here, the contempt order is not yet appealable. A bond staying an unappealable contempt order has no effect. See *Seiter v. Tinsley*, 503 S.W.2d 38, 39 (Mo.App.1973).

True, an incarcerated contemnor is entitled to release on bond pending appeal. *Teefey*, 533 S.W.2d at 566. However, by the time the contemnor is incarcerated, the contempt order is beyond the point when it is enforced and appealable—that is, when the order of commitment is issued. "It is manifest that [the statutory parallel to Rule 81.09] contemplates that for an appeal bond to be applicable and enforceable, there must be an appeal from an appealable judgment." *Seiter*, 503 S.W.2d at 39.

Because the contempt order was not enforced, it is not final and appealable. The motion to dismiss Husband's first point—which attempts to appeal the contempt "judgment"—is sustained, and the appeal is dismissed as premature.

### III.

 Husband next appeals the award of attorney fees. Wife again moves to dismiss, claiming the award is part of an unappealable contempt order.

While awarding attorney's fees in civil contempt cases is within the discretion of the trial court, such an award is to compensate the aggrieved party for losses or damages sustained by reason of the contemnor's noncompliance. It is not a portion of the civil contempt order

---

prescribing maintenance and child support payments. Before an order of commitment may issue, the trial court must determine that the debtor has either the ability to pay or intentionally created a situation of noncompliance. Even so, the trial court may require the creditor first to try collection by conventional means. Once the creditor establishes a failure to pay, the debtor must come forward

with proof of inability to pay that is not due to the debtor's own conduct. If the court finds the debtor has intentionally violated its payment order, it may then enter a judgment of contempt and issue an order of commitment." *State ex rel. Nesser v. Pennoyer*, 887 S.W.2d 394, 396 (Mo. banc 1994) (citations omitted); see *Teefey v. Teefey*, 533 S.W.2d 563, 566–67 (Mo. banc 1976).

itself which is solely to coerce compliance.

*City of Pagedale*, 790 S.W.2d at 518 (citations omitted); see *McGee*, 25 S.W.3d at 491; *C.L. Smith Indus. Co., Inc.*, 914 S.W.2d at 878; *Saab v. Saab*, 637 S.W.2d 790, 792–93 (Mo.App.1982). Because the award of attorney fees is not part of the contempt order, the motion to dismiss Husband's second point is overruled.

 Husband argues that the trial court abused its discretion in awarding attorney fees to Wife. The award of attorney's fees will be affirmed unless unsupported by substantial evidence, or against the weight of the evidence. See *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

> Sec. 452.355.1, RSMo Supp.1998, authorizes an award of attorney's fees for "the cost to the other party of maintaining or defending any proceeding pursuant to section 452.300 to 452.415." It is within the trial court's discretion whether or not to award attorney's fees under section 452.355. To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.

*Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 399–400 (Mo. banc 2001) (citations omitted); see *Saab*, 637 S.W.2d at 792. At trial, Wife prevailed on the issues of contempt and modification. Moreover, Husband earns considerably more than Wife. The trial court's award of attorney fees is not an abuse of discretion because it is supported by substantial evidence, and not against the weight of the evidence.

### IV.

 Husband appeals the trial court's modification of the dissolution decree. Although the contempt and modification were consolidated for purposes of receiving evidence, they are separate for purposes of appeal. See generally *Wilson v. Whitney*, 81 S.W.3d 172 (Mo.App.2002); *Torrence v. Torrence*, 774 S.W.2d 880 (Mo. App.1989). The modification portion is final and appealable. *Id.* A modification of child support will be affirmed unless unsupported by substantial evidence, or against the weight of the evidence. See *Murphy*, 536 S.W.2d at 32.

Husband claims the trial court should have imputed more income to Wife. By the court's Form 14, presumed child support is $675 based on Wife's monthly income of $800, and Husband's of $4,218. The court used Wife's actual income for the current year. In the previous year, according to Husband, her income was four times higher. Wife testified that the reduction occurred due to incorporation of her business, and change to a salary basis. She further testified that her previous income was overstated due to a buildup of inventory.

 Imputing income depends on the facts, determined case-by-case in the sound discretion of the trial court. See *Hill v. Hill*, 53 S.W.3d 114, 117 (Mo. banc 2001); *Pelch v. Schupp*, 991 S.W.2d 729, 734 (Mo.App.1999). Credibility of witnesses and the weight of their testimony is also for the trial court. *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988). The trial court's finding of Wife's income is not an abuse of discretion because it is supported by substantial evidence, and not against the weight of the evidence.

Husband also claims that his income was exaggerated because it included employer contributions to a retirement plan. Wife concedes. Husband's income is $4,013 per month. The presumed child support is $646 per month.

## V.

The appeal of the contempt "judgment" is dismissed as premature. The modification of child support is reversed in part, and the case remanded.

All concur.