Starla ZARBO, Plaintiff/Respondent,

v.

Robert ZARBO, Defendant/Appellant.

No. ED 86273.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 16, 2005.

Jennifer R. Piper, St. Louis, MO, for appellant.

Devin A. Sauer, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Robert Zarbo (Father) appeals from a judgment of civil contempt entered against him. Because there is no final and appealable judgment, the appeal is dismissed.

In 2000, the marriage of Father and respondent Starla Zarbo (Mother) was dissolved. Pursuant to that judgment, Father was ordered to pay one-half of the health expenses incurred by the minor child of the marriage. After Father failed to pay, Mother sought a judgment of contempt against him. The court entered a

judgment of contempt and Father appealed.

For an appeal to lie, there must be a final judgment or order. Section 512.020 RSMo 2000. A civil contempt order is not final until it is enforced. *In re Marriage of Crow and Gilmore,* 103 S.W.3d 778, 780 (Mo. banc 2003). Here, the judgment of contempt ordered that Father was sentenced to serve an indefinite term of imprisonment until he paid arrearages of $2,407.03 into the court registry. The judgment then provided that execution of the judgment would be stayed as long as he paid $100 per month directly to Mother. If Father failed to pay, "warrant for his arrest shall issue forthwith." When the remedy in a contempt judgment is imprisonment, enforcement occurs when actual incarceration occurs or when a warrant or an order of commitment is issued. *Id.* Here, it does not appear that an order of commitment or warrant has ever issued. Therefore, the contempt order is not enforced and remains interlocutory and unappealable. *Id.* at 782; *See also, Eaton v. Bell,* 127 S.W.3d 690, 697 (Mo.App. W.D. 2004).

This court has a duty to examine its jurisdiction *sua sponte. South County Orthopedics & Sports Medicine, Inc. v. Pona,* 149 S.W.3d 545, 546 (Mo.App. E.D.2004). This Court issued an order directing Father to show cause why his appeal should not be dismissed. Father has failed to file a response.

The appeal is dismissed for lack of a final, appealable judgment.

GLENN A. NORTON, J., and NANNETTE A. BAKER, J., concur.