Carol CIBULKA, Plaintiff/Respondent,

v.

George CIBULKA,
Defendant/Appellant.

No. ED 86938.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 25, 2006.

Kathleen Shaul, Clayton, MO, for Plaintiff/Respondent.

George Cibulka, Saint Louis, MO, Defendant/Appellant acting pro se.

GLENN A. NORTON, C.J.

George Cibulka (Husband) appeals from a judgment finding him in civil contempt for failure to pay child support and ordering him incarcerated in the Department of Justice Services until he paid $13,826 in arrears to Carol Cibulka (Wife). Because there is no final, appealable judgment, we dismiss the appeal.

Husband and Wife were divorced in April 2002. The dissolution decree provided for joint legal and joint physical custody of the two minor children. Husband was ordered to pay $438 per month in child support. In April 2005, Wife filed a motion for contempt, asking that Husband be held in contempt for failure to pay child support.[1] On August 4, 2005, the trial court entered a judgment finding that

---

1. Wife also filed a motion to modify, while Husband filed a motion for family access. The motion to modify appears to be still pending in the trial court. The court ruled on Husband's motion for family access, which is the subject of another appeal in this Court.

Husband was in contempt for failure to pay child support in the amount of $13,826 in arrears as of June 13, 2005. The judgment sentenced Husband to imprisonment in the St. Louis County Department of Justice Services until he paid to the registry of the court $13,826 for the child support arrearage. The Court further stayed execution of the sentence so long as Husband paid $1,000 per month to Wife towards the arrearage, commencing September 1, 2005, and if Husband "fails to make said payments, a warrant for his arrest shall issue forthwith after this Court is satisfied by proper proof that payment has not been made." Husband filed an appeal of the contempt judgment to this Court.

■ Like other judgments, a civil contempt order must be final before it may be appealed. *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 780 (Mo. banc 2003). However, a civil contempt order is not final until it is enforced. *Id.* at 781. Until incarceration is ordered by way of the court issuing a warrant or an order of commitment, a civil contempt order is not enforced and remains interlocutory and unappealable. *Id.* Once a warrant or order of commitment is issued, the contempt judgment changes from a mere threat of incarceration to "enforcement." *Id.* at 782.

■ This Court issued an order directing Appellant to show cause why his appeal should not be dismissed for lack of a final, appealable judgment. Appellant has filed a response. In sum, Appellant's response asserts that if he cannot appeal from the contempt judgment in question until "the sentence has been carried out," then he has no opportunity to have his wrongs redressed by a higher court. He asserts this violates several of his constitutional rights. While it is true that the contempt judgment in issue is not yet appealable, it may become appealable without Appellant's sentence being "carried out." The contempt judgment merely threatens Appellant with imprisonment. It states that Appellant's failure to take certain action will result in a warrant being issued. However, there is nothing in the record on appeal that Appellant has provided that shows any such warrant has been issued. Until that warrant or an order of commitment is issued, the contempt judgment merely threatens incarceration. Until incarceration is ordered, the contempt order is not enforced and remains interlocutory and unappealable. Once the warrant is issued, then the contempt judgment will be enforced and Appellant may appeal at that time.

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concurring.