**STL CAPITAL MANAGEMENT, LLC, Respondent,**

v.

**John BRDA and STL Capital Company, LLC, Appellants.**

**No. ED 88184.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 28, 2006.

---

1. The court also ordered Appellant's filing fee refunded to him and all court costs were waived.

Karl Walter Dickhaus, St. Louis, MO, for appellant.

John Robert Sears, St. Louis, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

John Brda and STL Capital Company, LLC (Appellants) appeal from a judgment finding them in contempt of court. The appeal is dismissed.

In July 2004, STL Capital Management, LLC (Respondent) filed suit against Appellants. Appellant Brda was a former owner and employee of Respondent, which provided general business consulting services. Appellant Brda (Brda) left Respondent's employment and founded his own company, STL Capital Company, LLC. The suit filed against Appellants alleged that Brda's business performs the same or similar services as Respondent and that Brda diverted business from Respondent to his own business. In particular, the suit alleged that Brda acquired the business of Limelight Media Group (LMG) and 500,-000 shares of stock in it and that LMG should have been acquired for Respondent. The suit alleged breach of fiduciary duty, theft/embezzlement of corporate opportunity, conversion, money had and received, tortious interference with business expectancies, accounting, and constructive trust. Respondent further sought a temporary restraining order and permanent injunction against Appellants to prevent them from transferring 500,000 shares of stock in LMG.

On November 22, 2004, the parties entered into a consent order in which Appellants agreed not to "sell, assign, transfer, disburse, use as collateral, or in any manner encumber or convey any Shares of Limelight Media Group stock acquired by either Defendant ... while the above-styled cause of action is pending before this court." All shares of LMG were to be placed in the custody of either counsel for Respondent or counsel for Appellants to be held in trust while the case was pending. On May 2, 2005, Respondent filed a motion to show cause as to contempt of court for Appellants' failure to comply with the November 22, 2004 consent order. This motion was granted on May 27, 2005 with any determination of damages to be determined at the time the cause was tried.

The cause was heard over several days. On October 18, 2005, the trial court entered a judgment in favor of Respondent. The court concluded that Brda had breached his fiduciary duty and duty of loyalty to Respondent. As a result, the court found that a constructive trust should be imposed for 425,000 shares of LMG stock remaining and directed Appellants to transfer the stock to Respondent. The court further awarded total monetary damages of $45,916.68.[1]

Finally, the court entered an order holding Brda in contempt of court for violating the November 22, 2004 consent order. The court concluded that Brda had violated the consent order by selling 604,167 shares of LMG stock in February 2005. The sum paid to Brda for those stocks was $31,416.68. The court stayed the contempt order for 30 days for Brda to purge himself of contempt by depositing $31,416.68 into the court registry.

On December 5, 2005, Respondent filed a second motion for contempt and motion for order to show cause. Respondent asserted that Appellants refused to transfer the 425,000 shares of LMG stock and refused to pay $31,416.68 as required by the October 18, 2005 judgment. On February 16, 2006, the trial court entered a judgment sustaining Respondent's motion for contempt and motion for order to show cause. The court concluded that Appellants' failure to transfer the 425,000 shares was in direct violation of the court's judgment and held Appellants in contempt of court. In addition, the court found that Respondent had incurred attorneys' fees of $3,206. On that same day, the trial court issued a warrant and commitment order to the St. Louis County Police Department for two separate contempt orders, the one dated October 18, 2005 and the one dated

February 16, 2006. The order directed that Brda be committed to the St. Louis County jail until he purged himself of contempt by depositing $31,416.68 in the court registry and by transferring 425,000 shares of LMG stock to Respondent. On February 27, 2006, the trial court withdrew its warrant and commitment order after Brda tendered 425,000 shares in stock certificates to Respondent and paid $3,206 in attorneys' fees.

On March 13, 2006, Respondent filed a third motion for order to show cause for Appellants' failure to pay the $31,416.68. On March 22, 2006, the trial court entered another order noting that Appellants remained in contempt of court. The court ordered that Brda be committed to the custody of the St. Louis County Department of Justice Services until such time as he deposited $31,416.68 into the court registry. Execution of the commitment was suspended for five days to allow payment of the contempt amount. The court stated that "payment of the 31,416.68 shall, upon receipt, both satisfy paragraph (c), p. 28 of this Court's October 18, 2005 order and judgment and will reduce the amount of money owed in paragraph (b) to $14,500.00." On March 29, 2006, Appellants paid $31,416.68 into the court registry.

On April 11, 2006, Appellants filed a motion for new trial, which was denied on May 30, 2006. Appellants then filed this appeal. In their notice of appeal, Appellants state they are appealing from the March 22, 2006 contempt order.

Respondent has filed a motion to dismiss the appeal. Respondent asserts that although Appellants state they are appealing from the March 22, 2006 contempt order, they are really trying to appeal from the

1. The court's judgment resolved Counts I, II, VII, VIII, and IX. All other counts in the petition were dismissed by Respondent.

October 18, 2005 judgment. Respondent asserts that this judgment became final on November 17, 2005, and that any notice of appeal from it is untimely.

In response, Appellants contend that the October 18, 2005 judgment did not dispose of all issues between all the parties. They allege that the October 18, 2005 judgment set forth two inconsistent obligations that required clarification and as a result, did not become final on November 17, 2005. They contend that the March 22, 2006 order did finally dispose of all issues and in fact, the court declared "no just reason for delay." As a result, they assert that they can now appeal from both the March 22, 2006 order and the October 18, 2005 judgment. Respondent filed a reply to Appellants' response.

■ Both parties slightly miss the mark. First, the October 18, 2005 judgment addressed two separate issues. The first issue concerned resolution of Respondent's petition and all remaining counts as to that petition. Within that same judgment, the trial court chose to address a separate issue of whether Appellants should be held in contempt of court for failing to comply with the November 2004 consent order. Each of these portions of the judgments is separately appealable, despite the fact they are contained within the same judgment. *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 783 (Mo. banc 2003). In *Crow*, the Missouri Supreme Court concluded that even though a contempt and a modification were consolidated for purposes of receiving evidence, they were separate for appeal. *Id.*

■ The portion of the judgment pertaining to Respondent's cause of action as set forth in its petition resolved all issues and claims against Appellants. As a re-

sult, that portion of the judgment became final thirty days later. Rule 81.05(a)(1).[2] Any appeal from that judgment was due ten days thereafter. Rule 81.04(a). Neither party appealed and the judgment became final. Appellants' assertion that the judgment set forth inconsistent obligations does not affect the finality of this judgment. If Appellants wanted to attack this judgment, then they should have filed a timely appeal from it. Respondent's attempts to collect that judgment and to enforce the October 18, 2005 contempt judgment are separate issues from the finality of the October 18, 2005 judgment on the petition. Therefore, at this juncture, if Appellants are able to appeal at all, it can only be from the contempt judgments entered by the trial court.

■ However, it appears Appellants cannot appeal from any of the contempt judgments, because they have purged themselves of contempt, thus rendering any appeal moot. When faced with civil contempt, a contemnor may purge the contempt by complying with the order. *Crow*, 103 S.W.3d at 780. However, upon compliance, the case becomes moot and unappealable. *Id.* at 781.

Faced with the various contempt judgments and a warrant and commitment order, Appellants eventually complied with all of the orders. After the court issued its warrant and commitment order on February 16, 2006, Appellants tendered 425,-000 shares in stock certificates to Respondent and also paid $3,206 in attorneys' fees. After the court entered its contempt order of March 22, 2006, Appellants paid $31,416.68 into the court registry on March 29, 2006. In the notice filed with the payment, it states, "This tender purges John Brda of any contempt of this Court." As a

---

**2.** Appellants filed a motion for new trial on November 18, 2005, but this motion was untimely because it was not filed within 30 days of entry of the judgment. Rule 78.04. As a result, it did not extend the finality of the judgment.

result of Appellants' compliance, any appeal from the October 18, 2005 contempt judgment, the February 16, 2006 contempt order, or the March 22, 2006 contempt order is moot.

Respondent's motion to dismiss is granted. The appeal is dismissed as to the October 18, 2005 judgment on the underlying petition because the notice of appeal is untimely, and the appeal is dismissed as to the October 18, 2005 contempt judgment and the March 22, 2006 contempt judgment because the appeal is moot.

GLENN A. NORTON, and PATRICIA L. COHEN, JJ., concur.