MARY W. SHEFFIELD, J.
Chester Wayne Smotherman and Jewell Smotherman (collectively, "the Smothermans") attempt to appeal from a civil contempt judgment that: (1) imposed an accrued per diem fine of $2,370; (2) continued to accrue the per diem fine so long as the Smothermans refused to comply with a November 2016 judgment that resolved a boundary-line dispute between the Smothermans and Tommy and Jeanie White (collectively, "the Whites"); and (3) awarded attorney fees and court costs to the Whites.[1] Because there is no indication *657 in the record that the Whites, the parties moving for contempt, have executed on the fine, the appeal is dismissed as premature.[2]
"This Court is obligated to determine its authority sua sponte before considering claims raised on appeal." Edmondson v. Edwards , 280 S.W.3d 752, 757 (Mo. App. S.D. 2009). That duty includes determining whether a civil contempt judgment is final for purposes of appeal. Id. "Like other judgments, a civil contempt judgment is appealable only if it is final." Frantz , 488 S.W.3d at 172. If it is not final, we must dismiss the appeal as premature. Crow , 103 S.W.3d at 782.[3]
"Civil contempt is intended to benefit a party for whom an order, judgment or decree was entered and is designed to coerce compliance[.]" McMilian v. Rennau , 619 S.W.2d 848, 851 (Mo. App. W.D. 1981). "Thus, such an order ordinarily includes coercive measures, such as a commitment[4 ] or a fine designed to enforce the order." Jones v. Jones , 296 S.W.3d 526, 528 (Mo. App. W.D. 2009). When faced with a civil contempt order, a contemnor has two options. "First, the contemnor may purge the contempt by complying with the order. The case then becomes moot and unappealable." Crow , 103 S.W.3d at 780. "Second, the contemnor may appeal the contempt order. For purposes of appeal, a civil contempt order is not final until 'enforced.' " Id. at 781. "When 'enforcement' occurs depends on the remedy." Id. "When the remedy is a fine, the contempt order is 'enforced' when the moving party executes on the fine." Id.[5] If the party asking for contempt has not yet executed on the fine, a judgment of contempt that orders the payment of a fine to coerce compliance with a court order or to remedy noncompliance is not appealable. Bailey v. Amon , 941 S.W.2d 657, 658 (Mo. App. E.D. 1997).
Here, nothing in the record indicates that the Whites have executed on the fine levied against the Smothermans. While the contempt judgment does note that execution may issue on the fine imposed against the Smothermans, it is the moving party's actions in executing on the fine-not a statement in the judgment that execution may follow-that renders a civil contempt judgment "enforced." Without execution on the fine by the moving party, the judgment ordering payment of a fine operates as a mere threat of enforcement at some unspecified date in the future. See, e.g. , Frantz , 488 S.W.3d at 173 (civil contempt judgment that imposed a compensatory fine of $3,300 was not appealable because *658 the party who moved for contempt had not yet enforced the contempt judgment by executing on the fine); Relaxation, Inc. v. RIS, Inc. , 452 S.W.3d 743, 749, 751 (Mo. App. W.D. 2015) (order of contempt entered on April 22, 2013, providing that the moving party "shall have the immediate right to execute on the $45,892.94 fine awarded" was not "enforced" until the moving party "attempt[ed] to execute the fine by filing an Execution/Garnishment/Sequestration Application and Order on May 9, 2013."); Jessen , 450 S.W.3d at 431 ("As there is no evidence on the record that either Father or GAL have proceeded to execute the fines awarded to them as sanctions for Mother's contempt, this Court must dismiss Mother's second point on appeal for lack of jurisdiction."); Union Hill Homes Ass'n, Inc. v. RET Dev. Corp. , 83 S.W.3d 87, 92 (Mo. App. W.D. 2002) ("the trial court's June 23, 2000, judgment of contempt did not become a final judgment for the purposes of appeal until the per diem fine imposed to coerce compliance with that order was enforced by execution, which occurred on June 6, 2001"-the date a writ of garnishment issued); Matter of Estate of Keathley , 934 S.W.2d 611, 614 (Mo. App. E.D. 1996) ("The Deputy Clerk enforced a contempt order by issuing two writs of execution garnishing funds from Laura Keathley's Mercantile Bank accounts."). Consequently, until the Whites enforce the contempt judgment by executing on the fine imposed, and thereby render it final and appealable, it is interlocutory, premature and must be dismissed.
Conclusion
There is no final judgment from which the Smothermans may appeal. The appeal is dismissed because an appeal from an unexecuted judgment is premature.
DANIEL E. SCOTT, J.-CONCURS
WILLIAM W. FRANCIS, JR., P.J.-CONCURS

We recognize that an award of attorney fees and costs during a civil contempt proceeding is not considered part of the contempt judgment and is appealable independent of the contempt judgment. See, e.g. , In re Marriage of Crow and Gilmore , 103 S.W.3d 778, 782-83 (Mo. banc 2003) ; Frantz v. Frantz , 488 S.W.3d 167, 173 (Mo. App. E.D. 2016). The Smothermans, however, do not challenge the award of attorney fees and costs, and we make no ruling on this issue.

The Whites have not filed a brief on appeal. There is no penalty for that failure, but we lack the benefit of any argument they might have provided. Risch v. Risch , 72 S.W.3d 274, 276 n.1 (Mo. App. S.D. 2002).

"Although not expressly enumerated as 'appealable' in section 512.020 (the statute that governs the right of appeal in civil actions), our Supreme Court has consistently recognized the right to appeal a judgment of civil contempt once it is final ." Davis v. Davis , 475 S.W.3d 177, 182 n.6 (Mo. App. W.D. 2015) (emphasis in original).

This contempt judgment does not impose imprisonment, so we need not address when such a judgment becomes final.

"A per diem fine is a proper method of coercing compliance with a court order regardless of whether it also serves a reimbursement or punishment function." In re Estate of Zimmerman , 820 S.W.2d 617, 620 (Mo. App. E.D. 1991). In addition to per diem fines that expire upon compliance, a fine for civil contempt may be compensatory in nature. Jessen v. Jessen , 450 S.W.3d 425, 430 (Mo. App. W.D. 2014) ; Frantz , 488 S.W.3d at 173.