

# In the Missouri Court of Appeals

## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| JOSEPH KYLE METHENEY, | ) | No. ED107354 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Erin S. Burlison |
| MELANIE ANN METHENEY, | ) | |
| | ) | |
| Respondent. | ) | FILED: November 19, 2019 |

## Introduction

Joseph Kyle Metheney ("Husband") appeals from the trial court's amended judgment of contempt (the "Amended Contempt Judgment") finding that Husband owed Melanie Ann Metheney ("Wife") $66,128.70. In Husband's sole point on appeal, he argues that the trial court's determination of the amount owed to Wife was not supported by substantial evidence. Wife has moved to dismiss the appeal for a lack of jurisdiction due to a lack of a final judgment. Because we hold that the Amended Contempt Judgment is not final for purposes of appeal, we grant the motion to dismiss. Accordingly, we dismiss the appeal.

## Factual and Procedural History

Husband and Wife were married and had two children. Husband petitioned for dissolution. The trial court entered judgment dissolving the marriage and distributing property (the "Dissolution Judgment"). The Dissolution Judgment provided that Husband was to retain certain stock options, but upon Wife's request Husband was to exercise the stock options and

remit the proceeds to Wife. Years later, Wife requested the exercise of 330 stock options. Husband did not remit any proceeds to Wife.

Following Husband's failure to remit the proceeds to Wife, Wife moved for contempt. The trial court held a hearing to determine what amount, if any, Husband owed Wife due to her requested exercise of the stock options. Afterwards, the trial court entered a judgment of contempt (the "Contempt Judgment") finding that Husband owed Wife $66,128.70.

The Contempt Judgment also instructed "all parties and Counsel appear before [the trial court] on October 6th, 2017 . . . to determine if an appropriate agreement to purge the Contempt has been made." The trial court further directed:

> In the event that an appropriate purge agreement is not made on or before that date, a body attachment and warrant [and] commitment [sic] may issue directing that the body of [Husband] be attached by the Sheriff of the County of St. Charles, State of Missouri and that he be held in the custody of the Sheriff of the County of St. Charles, Missouri until such time as [Husband] purges himself of the contempt.

Subsequently, on November 2, 2017, the trial court entered the Amended Contempt Judgment. The Amended Contempt Judgment did not change the finding of the amount Husband owed to Wife. The Amended Contempt Judgment did not issue a body attachment or warrant of commitment. However, the Amended Contempt Judgment contained language nearly identical to the Contempt Judgment that the trial court would issue a body attachment and warrant of commitment if an appropriate purge agreement was not reached on or before December 4, 2017.

On November 6, 2017, after the entry of the Amended Contempt Judgment but before the Amended Contempt Judgment's deadline for reaching a purge agreement, Wife requested garnishment of Husband's bank account in the ordered amount of $66,128.70 plus interest. The garnishment was issued by the clerk, and Wife served Husband with a copy of the garnishment order. Husband moved to quash garnishment, which the trial court denied.

2

Husband now appeals from the Amended Contempt Judgment. Wife has moved to dismiss the appeal for a lack of jurisdiction due to a non-final judgment.

## Point on Appeal

In his sole point on appeal, Husband alleges that the trial court's calculation in the Amended Contempt Judgment that Husband owed $66,128.70 to Wife pursuant to the Dissolution Judgment was not supported by substantial evidence.

## Discussion

Wife moved to dismiss the appeal due to a lack of final judgment, and we are required to examine our own jurisdiction in all cases. See Zweifel v. Zweifel, 431 S.W.3d 559, 560 (Mo. App. E.D. 2014) (citing In re Marriage of Werths, 33 S.W.3d 541, 542 (Mo. banc 2000)). Civil contempt orders are appealable, but "[l]ike other judgments, a civil contempt order must be final before it may be appealed." In re Marriage of Crow and Gilmore, 103 S.W.3d 778, 780 (Mo. banc 2003) [hereinafter Crow] (internal citations omitted); see Section 512.020(5).[1] If the contempt judgment is not final, then we lack jurisdiction, and must dismiss the appeal. See Crow, 103 S.W.3d at 780 (internal citation omitted).

"For purposes of appeal, a civil contempt order is not final until 'enforced.'" Id. at 781 (internal citations omitted). When the remedy for contempt takes the form of imprisonment, enforcement does not occur until incarceration is actually ordered. Id. (internal citations omitted); see also Martin v. Martin, 504 S.W.3d 130, 134 (Mo. App. W.D. 2016) (finding a contempt order had not been enforced where no warrant of commitment had been issued and no incarceration had occurred). Correspondingly, a "mere threat of enforcement" is not sufficient to render a contempt judgment final for purposes of appeal. See Smotherman v. White, 556 S.W.3d

---

[1] All Section references are to RSMo (2016).

3

655, 657–58 (Mo. App. S.D. 2018) (internal citations omitted) (finding a contempt judgment was not final where it provided that a fine "may" be issued to enforce the judgment but no such fine had been executed).

Neither the Contempt Judgment (not appealed from here) nor the Amended Contempt Judgment issued a body attachment or warrant of commitment. Rather, both judgments raise only a possibility that a body attachment or warrant of commitment might issue in the future if the contempt was not purged or a purge agreement was not reached. The record does not suggest that a body attachment or warrant of commitment was ever issued. Therefore, the Amended Contempt Judgment is a "mere threat of enforcement" and is not a final appealable judgment by its own terms. See Smotherman, 556 S.W.3d at 657–58.

Notwithstanding the fact that the Amended Contempt Judgment merely threatens enforcement, Husband contends that the garnishment of his bank account constitutes enforcement of the Amended Contempt Judgment. Husband provides no authority for this proposition. On the contrary, precedent expressly distinguishes between "[e]xecution efforts to enforce a coercive fine," which are deemed to be enforcement mechanisms rendering a contempt judgment final and "execution efforts to enforce the underlying payment obligation giving rise to the contempt order," which do not render a contempt judgment final. Emmons v. Emmons, 310 S.W.3d 718, 724, 724 n.4 (Mo. App. W.D. 2010) (finding a contempt judgment non-final where a garnishment order was issued to enforce payment obligations arising out of an underlying judgment of dissolution and subsequent modification rather than to enforce a coercive fine). Here, the owed amount of $66,128.70 plus interest does not constitute a coercive fine; the owed amount instead arises from the underlying Dissolution Judgment.[2] See State of N.D. ex rel.

---

[2] Husband disputes that the owed amount arises from the underlying Dissolution Judgment, arguing that it instead arises from calculations conducted in the Contempt Judgment and the Amended Contempt Judgment. Even if this

4

Young v. Clavin, 715 S.W.2d 25, 26 (Mo. App. W.D. 1986) (finding a lump-sum fine was not a coercive fine because the amount of the fine was not affected by whether or when the contemnor complied); see also, e.g., Union Hills Homes Ass'n, Inc. v. RET Dev. Corp., 83 S.W.3d 87, 91– 92 (Mo. App. W.D. 2002) (describing a per diem fine that would continue until the contemnor complied with the contempt judgment). Judicial authority clearly establishes that the garnishment initiated by Wife is not an enforcement mechanism that renders the Amended Contempt Judgment final. See id.; see also Martin, 504 S.W.3d at 134 (internal citation omitted) (applying Emmons in the same manner and reaching the same conclusion).

Husband maintains that the current procedural posture creates a Catch-22 because if the garnishment action does not render the Amended Contempt Judgment final, then the Amended Contempt Judgment will never obtain the requisite finality before becoming moot. Husband argues that the natural and logical consequence of this scenario makes the Amended Contempt Judgment essentially unreviewable.[3] See Crow, 103 S.W.3d at 780 (internal citations omitted) (providing that contempt orders become moot and unappealable once purged). Husband's concern is unfounded. Garnishment proceedings are special proceedings which occur after final judgment. Importantly for Husband, a garnishment proceeding is appealable under Section 512.020(5) provided the garnishment court enters an order that is final in the sense of disposing of all parties and issues and leaving no further questions for future determination. McGathey v. Matthew K. Davis Trust, 457 S.W.3d 867, 873 (Mo. App. W.D. 2015). "A valid judgment and a valid execution are indispensable prerequisites to a valid garnishment." Orem v. Orem, 149

---

argument were correct, the relevant distinction is whether the amount is derived from an underlying judgment or is a coercive fine, not whether the amount is derived from (in this case) the underlying Dissolution Judgment or the Amended Contempt Judgment. See Emmons, 310 S.W.3d at 724 n.4.

[3] We recognize that the calculation was not reviewable upon appeal from the Dissolution Judgment, as no calculation was possible until Wife had instructed Husband to exercise the stock options at a later time.

5

S.W.3d 589, 593 (Mo. App. W.D. 2004) (internal citations omitted). Because a final judgment is a prerequisite to obtaining a valid garnishment, we can review the validity of the judgment supporting a garnishment on appeal from the garnishment. See, e.g., State ex rel. Koster v. Cain, 383 S.W.3d 105, 112–115 (Mo. App. W.D. 2012); In re Estate of Keathley, 934 S.W.2d 611, 614–15 (Mo. App. E.D. 1996). Husband has the ability and opportunity to challenge the amount of the Amended Contempt Judgment in an appeal of the garnishment judgment and the trial court's judgment denying his motion to quash garnishment. The fact that the underlying contempt judgment is not final does not deprive Husband of the opportunity to obtain appellate review of his underlying claim in the garnishment proceeding. See Koster, 383 S.W.3d at 112–115; Keathley, 934 S.W.2d at 614–15. Finally, it bears mentioning that the fact that the Amended Contempt Judgment is not final directly calls into question the validity of the garnishment. See Koster, 383 S.W.3d at 112 ("It is compelling, however, that a garnishment proceeding can only be initiated to enforce a *final* judgment.").

After reviewing the record, we find no evidence that the Amended Contempt Judgment has been enforced and therefore it is not yet a final judgment. See Crow, 103 S.W.3d at 780–82 (internal citation omitted). Accordingly, we grant the motion to dismiss the appeal for lack of jurisdiction. See id. at 780.

## Conclusion

The motion to dismiss the appeal for lack of jurisdiction is granted. We dismiss the appeal.

_____
KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

6