**In re the MARRIAGE OF Constance Susan TIBBS and Albert Raymond Tibbs.**

**Constance Susan Tibbs, Respondent,**

**v.**

**Albert Raymond Tibbs, Appellant.**

No. ED 85580.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 22, 2005.

Michael C. Todt, St. Charles, MO, for appellant.

Lynn Michele Travis, O'Fallon, MO, for respondent.

BOOKER T. SHAW, Judge.

Albert Raymond Tibbs ("Husband") appeals the judgment of the trial court denying his motion to vacate a default judgment finding him in contempt for failure to pay Constance Susan Tibbs ("Wife") her share of the parties' marital residence pursuant to a dissolution judgment. We dismiss for lack of jurisdiction.

In November 1998, the trial court entered a judgment dissolving the marriage of Husband and Wife. The judgment awarded Husband the marital residence conditioned on his payment of $23,500.00 to Wife for her interest in the property. Husband was to pay Wife's interest out of his share of fringe benefits earned through his employer. If Husband could not or did not pay Wife her interest, the residence was to be sold and the proceeds divided equally between the parties after paying all selling expenses.

Wife filed a motion for contempt against Husband on June 4, 2003. After several continuances, the motion for contempt was set for hearing on July 2, 2004. Wife appeared at the hearing in person and with counsel. Neither Husband nor counsel on his behalf appeared. On the same day, after taking evidence and hearing all arguments, the trial court entered a "Judgment and Order" finding Husband in contempt. It ordered Husband to execute a quitclaim deed immediately transferring ownership of the marital residence to Wife. It also ordered that if Husband failed to transfer ownership to Wife, the trial court would transfer ownership by judicial deed, with no further notice to the parties.

On August 13, 2004, Wife filed a motion for an order conveying title to the parties' marital residence, and a proposed order and judgment of title to real property. Husband filed a motion to vacate the default judgment entered July 2, 2004, for lack of jurisdiction on August 20, 2004.[1] The family court commissioner entered findings and recommendations denying Husband's motion to vacate the default judgment on October 4, 2004. The trial court adopted the commissioner's findings and recommendations on October 6, 2004. This appeal follows.

■ Before addressing an appeal on the merits, this Court has a duty to determine its jurisdiction *sua sponte*. *Union Hill Homes Ass'n, Inc. v. RET Dev. Corp.*, 83 S.W.3d 87, 92 (Mo.App. W.D.2002). Although Husband asserts in his notice of appeal that he is appealing from the trial court's denial of his motion to vacate the default judgment, his first two points raise issues relating to the trial court's judgment and order holding him in contempt.[2]

■ A civil contempt order is appealable, but it must be final before it may be appealed. *Forbes v. Forbes*, 133 S.W.3d 508, 511 (Mo.App. E.D.2004). Such an order is not a final judgment for purposes

1. Husband also filed a motion to set aside the default judgment based on a meritorious defense and good cause on September 10, 2004, which the trial court denied by order on October 15, 2004. Although Husband attached the order denying his motion to set aside the default judgment to his notice of appeal, none

of Husband's points relied on refer to that order.

2. In Husband's third point, he argues the trial court erred in denying his motion to vacate the default judgment because, in entering the contempt order and judgment, it lacked per-

of appeal until it has been enforced. *In re Marriage of Crow & Gilmore,* 103 S.W.3d 778, 780 (Mo. banc 2003). When enforcement occurs depends on the remedy. *Id.* at 781. For instance, when the remedy or relief in a contempt order is a fine, the order is enforced and appealable when the moving party executes on the fine. *Id.*

Here, the remedy was a transfer of the parties' marital residence by judicial deed if Husband failed to comply with the order requiring him to transfer the residence by quitclaim deed. The record contains no evidence that the trial court's contempt order was enforced. Accordingly, we have no jurisdiction to address Husband's points on appeal. Husband's appeal is dismissed.

DISMISSED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., Concur.

sonal jurisdiction over him. However, in light of our disposition of Husband's first two points, we need not determine whether the trial court erred in denying Husband's motion to vacate the default judgment.