

# In the
# Missouri Court of Appeals
## Western District

JAMY L. JESSEN,

             **Appellant,**

v.

AARON J. JESSEN,

             **Appellant.**

**WD76482**

**OPINION FILED:**

**SEPTEMBER 30, 2014**

**Appeal from the Circuit Court of Livingston County, Missouri**
**The Honorable James Bradley Funk, Judge**

**Before Division Two: Victor C. Howard P.J., James E. Welsh, Anthony Rex Gabbert JJ.**

Jamy L. Jessen ("Mother") appeals the circuit court's judgment modifying the decree of

dissolution. Mother raises four points on appeal. First, Mother argues that the circuit court erred

because the judgment decree failed to follow all of the announced points of the oral agreement

made on the record in open court. Second, Mother argues that the circuit court erred in finding

Mother in contempt of court because (1) her conduct was to protect her children and not to

directly disobey the court order; (2) the police placed the two children in her custody after a

violent episode on June 7, 2011 by Aaron J. Jessen ("Father"); (3) the children did not have

contact with the Stepfather; and (4) the decree came nine months after the hearing of April 24,

2012, violating § 517.111, RSMo 2000. Third, Mother argues that the circuit court erred in

awarding Father attorney's fees and requiring her to pay the remaining GAL fees because the

evidence suggests that there is no justification for requiring her to pay the attorney's fees or GAL fees. Fourth, Mother argues that the circuit court erred in its order correcting judgment because Father had not even filed a motion asking for the relief granted. We affirm in part and dismiss in part.

**Factual Background**

The marriage between Father and Mother was dissolved on January 26, 2007. During the marriage, Father and Mother had two daughters. The original dissolution decree awarded Father and Mother joint legal and physical custody of their two children. The parties were to alternate physical custody with Father ordered to pay Mother child support.

On May 19, 2010, the decree was modified. While both Father and Mother were again awarded joint legal and physical custody of their two children, Father's address was to be designated for mailing and educational purposes. Mother was to pay child support and the two children were to attend school in the school district where Father resided.

On April 14, 2011, Mother filed a motion to modify dissolution decree and a motion for temporary custody pendent lite. Father filed an answer and counter motion to modify and motion for contempt, alleging, in part, that Gary Brown ("Stepfather") had contact with the two daughters, which was specifically prohibited in the modified judgment.

On June 7, 2011, Mother failed to return the two daughters to Father. After failing to return the children, Father filed a writ of habeas corpus to return the two children to him.

On August 25, 2011, the hearing for custody, attorney's fees, GAL fees, contempt, and the writ of habeas corpus was commenced.[1] The court moved the custody hearing and the

---

[1] While other issues were argued and ruled upon at this hearing, those issues are not pertinent to this appeal and are, therefore, not listed or discussed in this opinion.

2

determination of attorney's fees and GAL fees to a later date. On the other issues, the court found Mother in contempt finding that Stepfather had contact with the two daughters which was prohibited by the modified judgment. The court also found that Mother had the two children since June 7, 2011, which was against the terms of the modified judgment. The court ordered the two children be returned to Father immediately.

On April 24, 2012, the hearing on the issues of custody, attorney's fees, apportionment of the GAL fee, and any sanctions for having previously found Mother in contempt was commenced. After the morning break, a partial agreement between the parties was entered in open court. The only remaining points for the court to decide were (1) the amount of child support Mother is to pay and when such payments are to begin; (2) how the GAL fee is to be apportioned; (3) who is to pay attorney's fees; (4) what sanctions, if any, are to be ordered against Mother for having previously been found in contempt; and (5) who is to pay court costs.

The court ordered, in part, that Mother is to pay the remaining $1,600 GAL fee and $3,018.75 for a portion of Father's attorney's fees. Both of these were sanctions for Mother's contempt. The court also ordered, in accordance with the parties' agreement, that Mother is to have six weeks of parenting time in the summer with the two children.

Mother then filed a motion to correct the judgment and a motion for a new trial. On May 22, 2013, a hearing on Mother's two motions was commenced. After listening to a portion of the April 14, 2012 hearing, the court amended its judgment. The court amended its previous judgment to reflect that the two parties waived their right to appeal the issues presented to the court for its determination. The judgment was also amended to specify that the six weeks of Mother's summer parenting time would be the first and second weeks of June and August and the second and third weeks of July.

3

On June 4, 2013, Father filed a motion for attorney's fees pending appeal. The court awarded Father $3,500 in attorney's fees pending an appeal. Mother appeals.

## Oral Agreements in Court

In her first point on appeal, Mother argues that the circuit court erred in the entry of its judgment decree and in its ruling following the motion to correct judgment because both decisions failed to follow all of the announced points of the oral agreement made on the record in open court. Specifically, Mother contends that the judgment decree failed to include (1) family counseling by clinical psychologist Richard Taylor and any recommendations by Taylor must be followed; (2) cost of family counseling to be shared equally between Mother and Father; (3) Father is not to pay for the counseling of Stepfather; (4) issues of attorney's fees, child support, and sanctions for contempt are presented to the court; (5) both sides waive the ability to appeal court's decision on child support, attorney's fees, and allowing of GAL fees. We find no error.[2]

In judge tried cases, "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong." *Id.* (internal quotations omitted).

---

[2] In this point, Mother is not arguing that the court erred in finding her in contempt—which is point II in her brief. Instead, Mother argues in this point that the court *failed to include* in its judgment several issues decided in open court. Such issues included that sanctions for Mother's contempt were presented to the court to decide. Thus, our discussion and finding in this point is limited to whether the court failed to include several issues in its judgment.

First, neither the judgment decree nor the modification stated anything about family counseling from Taylor. The record reflects, however, why the court did not include that the family be required to attend counseling and must follow any recommendations by Taylor. The court stated that it was "not going to change the judgment to say that everyone is to follow Mr. Taylor's recommendation. I'm not going to do that. That's not proper and that's the Court relinquishing its authority and giving it to someone else." Here, it is clear that the court did not include this part of the oral agreement because it did not approve of it. The court has the right to reject oral agreements made in open court. *See Stelts v. Stelts*, 126 S.W.3d 499, 502 (Mo. App. 2004). Furthermore, as the judgment did not provide for family counseling, it would follow directly therefrom that the judgment would not include who was to pay for the family counseling.

Second, Mother argues that the decree failed to mention that Father is not to pay for Stepfather's counseling. After searching the record, we find nothing in the record that would suggest or imply that Father would pay for the Stepfather's counseling or that this was an issue brought before the trial court. We fail to see how the court erred in not including something that was not at issue in the case. "An appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide." *First Bank Centre v. Thompson*, 906 S.W.2d 849, 859 (Mo. App. 1995).

Finally, Mother argues that the court failed to state that the issues of attorney's fees, child support, and sanctions for contempt were presented to the court and that both sides were to waive the right to appeal these issues. While the court failed to put this in its judgment decree dated January 29, 2013, in its corrected judgment entered May 23, 2013, the court included this information. The entry stated, in pertinent part:

5

> [W]ith the agreement including the waiver of appeal on the matters that were to be then taken under advisement, with those items to include who was to pay the attorney's fees, the amount of child support [Mother] was to pay and when such amount was to begin, how the GAL fee was to be divided, what sanctions for contempt, if any, were to be ordered against [Mother], and how costs of the action were to be taxed.

Thus, with this clearly on the record, the court did in fact note which issues were taken under advisement for it to decide and what issues the parties waived the right to appeal. Therefore, as the trial court has the right to reject oral agreements made in open court,[3] the issue of which party was to pay Stepfather's counseling was not an issue before the court, and there is substantial evidence on the record regarding what issues the court heard and what issues the parties waived their right to appeal, we find that the trial court did not error. Point one is denied.

### Contempt Finding

In her second point on appeal, Mother argues that the circuit court erred in finding Mother in contempt of court because her conduct was to protect her children and not to directly disobey the court order. Mother contends that police placed the two children in her custody after a violent episode on June 7, 2011 by Father. Mother further argues that the children did not have contact with the Stepfather and that the decree came nine months after the hearing of April 24, 2012, violating § 517.111, RSMo 2000. We dismiss for lack of jurisdiction.

Before addressing Mother's point, this Court must ascertain whether the trial court found her in civil or criminal contempt. In so doing, the following criteria is used: (1) was there a private or public plaintiff; (2) did the contempt proceeding serve a punitive or remedial purpose; (3) were there special elements of contumacy; (4) was the proceeding conducted as a criminal or

---

[3] We note that no party requested to withdraw from any part, or all, of the agreement after the court indicated on the record that it would not follow certain portions of the agreement.

civil proceeding; and (5) did the defendants have the requisite intent for criminal contempt. *Chemical Fireproofing Corp. v. Bronska*, 553 S.W.2d 710, 715 (Mo. App. 1977).

After considering the above factors, it appears that the contempt in this case is civil not criminal. In coming to this conclusion, prominent among the reasons are that this dispute is between private parties and the court found Mother in contempt as part of a modification to a dissolution proceeding—which is a civil not criminal proceeding. *See also In re Marriage of Hunt*, 933 S.W.2d 437, 448 (Mo. App. 1996).

Having deemed Mother's contempt to be civil, fines for civil contempt may be per diem fines or compensatory fines. *Hunt*, 933 S.W.2d at 448-49 (finding that "because of the discretion normally accorded to a trial court in issuing and fashioning contempt orders, fines for civil contempt need not be limited to per diem fines that expire upon compliance with the order, but may be compensatory.") (internal citations omitted); *Smith v. White*, 67 S.W.3d 742, 747 (Mo. App. 2002). However, "per diem or compensatory fines for civil contempt must be related to the actual damages suffered by the injured party." *Hunt*, 933 S.W.2d at 449. In this case, as Father incurred additional attorney's fees and GAL fees due to Mother's contemptuous behavior, the court imposed sanctions in the form of compensatory fines by ordering Mother to pay a portion of Father's attorney's fees and the remainder of the GAL fees. Thus, the sanctions were proper as the additional fees were actual damages suffered by Father as a result of Mother's contemptuous behavior.

After finding the contempt was civil in nature, and the sanctions placed on Mother were proper, we turn to Mother's second point. Mother argues that the circuit court erred in finding Mother in contempt of court because her conduct was to protect her children and not to directly disobey the court order. Mother contends that police placed the two children in her custody after

7

a violent episode on June 7, 2011 by Father. Mother further argues that the children did not have contact with the Stepfather. In response to Mother's argument, Father argues that the time allowed for Mother to appeal the court's finding her in contempt has passed. On October 3, 2011, the court entered a judgment finding, among other things, that Mother was in contempt. It wasn't until January 29, 2013, that the court, as part of the Judgment Modifying Decree of Dissolution, placed sanctions on Mother for finding her previously in contempt. These sanctions included that Mother was to pay Father $3,018.75 for a portion of his attorney's fees and to pay $1,600 for the remaining portion of the GAL fees. It is Father's position that because Mother didn't appeal the court's contempt finding after the court's October 3rd judgment that Mother has forfeited her right to appeal the contempt order. We find that the opposite of Father's argument is true. Mother's point is not yet ripe for appeal.

A civil contempt order "is not a final judgment for purposes of appeal until it has been enforced." *In re Marriage of Tibbs*, 177 S.W.3d 855, 856-57 (Mo. App. 2005). When enforcement occurs depends on the remedy. *Id.* at 857. "Where the remedy is a fine, the enforcement occurs when the moving party executes on the fine." *In re Marriage of Crow & Gilmore*, 103 S.W.3d 778, 781 (Mo. banc 2003) (internal quotation omitted). As there is no evidence on the record that either Father or GAL have proceeded to execute the fines awarded to them as sanctions for Mother's contempt, this Court must dismiss Mother's second point on appeal for lack of jurisdiction. *See also Jones v. Jones*, 296 S.W.3d 526, 528 (Mo. App. 2009) (finding that "if an order of contempt is not final, this court lacks jurisdiction over the appeal and must dismiss"). Point two is dismissed.

**Waiver of the Right to Appeal**

In Mother's third point on appeal, she argues that the circuit court erred in awarding GAL fees of $1,600 and Father's attorney's fees of $3,018.75 as well as Father's attorney's fees pending appeal of $3,500. The record reflects, however, that the court awarded these fees as sanctions for finding Mother in contempt[4] and, as we found that the court lacks jurisdiction on the issue of Mother's contempt, we decline to address Mother's third point. In so doing, we note that the judgment stated that Mother "should be, and will be, responsible for a significant portion of [Father's] attorney's fee, with [Mother's] unilateral action—where she failed to return the parties' two minor children to [Father]—playing such a large part in this proceeding." While the court did go on to state that the awarding of attorney's fees was to be considered as a sanction for Mother's contempt, a "trial court may grant an award of attorney's fees, even if the parties' financial condition does not otherwise necessitate an award of fees, where misconduct has taken place." *Pecher v. Pecher*, 398 S.W.3d 580, 586 (Mo. App. 2013); *see also T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo. banc 1989). As the fees awarded were sanctions for Mother's contempt, and this Court lacks the jurisdiction to rule on the contempt order, we decline to address Mother's third point. *See also Meissner v. Schnettgoecke*, 211 S.W.3d 157, 158 n.1 (Mo. App. 2007) (declining to address point two because of its holding of a previous point).

### Modifying the Judgment

In Mother's final point on appeal, she argues that the court erred in its order correcting judgment because Father had not even filed a motion asking for the relief granted. Mother further argues that latches and estoppels had attached because during all of the summer of 2012,

---

[4] The award of Father's attorney's fees for appeal was part of the June 23, 2013 judgment. Like its January 29, 2013 judgment, the court referenced Mother's contempt for awarding Father's attorney's fees for appeal.

Father had complied with the earlier agreement such that Mother got three two week periods and the alternating weekends. We find no error.

"Rule 75.01 gives the circuit court inherent power to amend a judgment upon a finding of good cause during the thirty-day period after entry of judgment." *Gill Const., Inc. v. 18th & Vine Authority*, 157 S.W.3d 699, 711 (Mo. App. 2004). "The circuit court is vested with considerable discretion in ruling on a motion to amend judgment, and the court of appeals will not reverse a circuit court's decision on the motion to amend the judgment unless there is abuse of discretion." *Id.*

First, we note that Mother provided no case law to support her argument as required by Rule 84.04. Nevertheless, we address her point.

On January 29, 2013, the court entered its judgment. Part of the judgment awarded Mother six weeks of parenting time with the children. On February 27, Mother filed a motion to correct the judgment under Rule 75.01. As part of the motion, Mother asked the court to modify the judgment to clarify Mother's six weeks of parenting time with the children to specifically include the first two weeks in June and August, and the second and third weeks of July, in addition to her regularly scheduled alternating weekends. The court held a hearing on May 22, 2013 regarding Mother's motion to correct the judgment. As part of the hearing, the court and the parties listened to a portion of the April 24, 2012 modification hearing in which the parties recited elements of their stipulation. Following the hearing, the court corrected the judgment to include that Mother's parenting time in the summer specifically include the first and second weeks in June and August, and the second and third weeks of July. The court did not include alternating weekends as Mother requested in her motion.

10

Mother now argues that the court erred in not including alternating weekends in the amended judgment. The record reflects, however, that Mother's counsel stipulated at trial exactly to what the court included in its amended judgment. Mother's stipulation did not include alternating weekends as Mother now argues. "A party cannot lead a trial court into error and then employ the error as a source of complaint on appeal." *First Bank Centre*, 906 S.W.2d at 859. Therefore, as the court corrected the judgment in accordance with the summer parenting time stipulated on the record, the court did not abuse its discretion. Thus, we find no error. Point four is denied.

We conclude, therefore, that the circuit court did not err in failing to include all of the announced points of the oral agreement in open court because (1) the court has the right to reject oral agreements made in open court; (2) the issue of which party was to pay Stepfather's counseling was not an issue before the court; and (3) there is substantial evidence on the record regarding what issues the court heard and what issues the parties waived their right to appeal. We further conclude that the court did not err in not including alternating weekends for Mother's summer parenting time in the amended judgment because Mother's stipulation did not include alternating weekends. Lastly, we conclude that this Court lacks jurisdiction on the contempt order as it is not a final order because neither Father nor GAL executed the fines awarded to them as sanctions for Mother's contempt. As the attorney's fees and GAL fees were sanctions on the contempt order and we lack jurisdiction on the contempt order, we decline to address these fees at this time. We affirm the circuit court's judgment and dismiss point two for lack of jurisdiction.

11

_____
Anthony Rex Gabbert, Judge

All concur.

12