**In Re the Marriage of Wilbert McGEE, Respondent,**

v.

**Shirley McGEE, Appellant.**

**No. ED 75848.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 15, 2000.

Melvin L. Raymond, St. Louis, for appellant.

Steven M. Cohen, Clayton, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Wife, Shirley McGee, appeals from the judgment of the trial court finding her in civil contempt and awarding husband, Wilbert McGee, attorney's fees. We dismiss the appeal from that portion of the judgment finding wife in contempt and affirm that portion of the judgment awarding husband attorney's fees.

On May 5, 1998, the trial court entered a decree of dissolution of the parties' marriage awarding certain items of personal property to husband. On September 9, 1998, husband brought an action to enforce the judgment, because wife refused him access to the property awarded to him in the decree. The trial court issued an order entitling husband to go onto the premises of the marital home on October 5, 1998, from 9:00 a.m. until 1 p.m. to remove that property. After spending some time searching the premises, husband left without a chain saw, a table saw, and some books, because he could not locate them. He also left his truck in the driveway of the marital home, which wife later had towed.

Husband filed the present motion to enforce judgment and/or to hold wife in contempt. After a hearing, the trial court held wife in contempt for failing to comply with the court's order. The court sentenced wife to imprisonment until she paid $1,800.00 to husband or otherwise delivered the missing items to him. The court also ordered wife to pay $1,200.00 to husband for attorney's fees incurred in the contempt action. Wife tendered $1,800.00 to husband. Wife appeals.

Wife first contends the trial court erred in finding her guilty of contempt. Husband in turn questions the appealability of the trial court's order.

Wife's appeal from that part of the trial court's judgment adjudging her in contempt is moot. An appellate court will not review contempt proceedings where the contemnor has complied with the order or has purged herself. *Yeager v. Yeager*, 622 S.W.2d 339, 343 (Mo.App.1981). Here, wife paid the $1,800.00 due to husband and thus purged herself of contempt. That part of the judgment finding wife in contempt therefore is not appealable.

Wife also challenges that part of the judgment ordering her to pay $1,200.00 to husband for attorney's fees. The trial court has authority to assess attorney's fees in civil contempt cases for willful disobedience of a court order. *Yeager*, 622 S.W.2d at 343. It is a matter within the discretion of the trial court. *Id.* We find no abuse of discretion here.

The appeal from that portion of the judgment holding wife in contempt is dismissed as moot and that portion of the judgment awarding husband attorney's fees is affirmed.

MARY K. HOFF, J. and ROBERT E. CRIST, Sr. J., Concur.