Teresa Ann BRUNS, n/k/a Teresa
Ann Capraro, Appellant,

v.

Robert Lee BRUNS, Respondent.

No. WD 64741.

Missouri Court of Appeals,
Western District.

March 21, 2006.

Teresa Ann Capraro, Sedalia, MO, pro se.

Robert Lee Bruns, Springfield, MO, pro se.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

PATRICIA BRECKENRIDGE, Judge.

Teresa Ann Bruns, n/k/a Teresa Ann Capraro, appeals the judgment of the trial court finding her in contempt of court and ordering her to pay $1000 in attorney's fees to her former husband, Robert Bruns, and court costs. On appeal, Ms. Capraro claims the trial court erred in finding her in contempt of court because she was denied due process of law. Ms. Capraro also claims the trial court erred in ordering her to pay attorney's fees and court costs because the trial court did not consider the financial resources of both parties and the provisions of the parties' Marital Settlement and Separation Agreement, which precluded the trial court from awarding attorney's fees to Mr. Bruns. This court dismisses Ms. Capraro's claims that the trial court erred in finding her in contempt of court, because Ms. Capraro has purged herself of the contempt. This court finds no error in the portion of the trial court's judgment ordering Ms. Capraro to pay Mr. Bruns attorney's fees and court costs.

**Factual and Procedural Background**

On July 14, 1999, the trial court dissolved the parties' marriage. At that time, the trial court approved the parties' Marital Settlement and Separation Agreement and ordered the parties to perform the terms thereof. One provision of the Sepa-

ration Agreement provided that Mr. Bruns would "be entitled to declare [their daughter] as his dependent on his Federal and State Income Tax returns and to claim the accompanying deduction and tax credit, and any other federal or state allowances, in odd numbered years." Ms. Capraro agreed to "annually execute documents necessary in order for [Mr. Bruns] to receive said deductions and credits."

Mr. Bruns sent Ms. Capraro a certified letter requesting that she sign the tax documents necessary for Mr. Bruns to take the deductions and credits as agreed for the 2003 tax year. Mr. Bruns made a similar request in person. In March 2004, Mr. Bruns' attorney sent Ms. Capraro a letter stating that Ms. Capraro had not sent Mr. Bruns the tax documents and warning Ms. Capraro that unless Mr. Bruns received the tax documents from Ms. Capraro no later than April 1, 2004, Mr. Bruns would take legal action.

On August 25, 2004, after failing to receive the signed tax documents from Ms. Capraro, Mr. Bruns filed a motion for contempt. In his motion, Mr. Bruns prayed that the trial court compel Ms. Capraro to sign the tax documents or, in the alternative, enter a monetary judgment for $1714, the amount Mr. Bruns alleged he would lose if he could not take the deduction. Mr. Bruns also sought attorney's fees of $1500 and court costs. On September 9, 2004, the trial court held a hearing for Ms. Capraro to show cause why she should not be held in contempt of court for failure to comply with the court's prior order. At the hearing, Mr. Bruns was represented by counsel. Ms. Capraro was not represented by counsel and was not informed of her right to be represented by counsel. During the hearing, Ms. Capraro testified that she had signed and mailed the tax documents to Mr. Bruns. Mr. Bruns, on the other hand, testified that he had not received the tax documents.

The trial court determined that Ms. Capraro knew that she was required to provide the tax documents necessary for Mr. Bruns to claim their daughter as a dependent for the 2003 tax year. The trial court did not believe Ms. Capraro's testimony that she had mailed the tax documents to Mr. Bruns. Further, the trial court found that Ms. Capraro's failure to provide the documents was "done intentionally and in contempt of the Order of this Court." Consequently, the trial court found Ms. Capraro in contempt of court. The trial court ordered Ms. Capraro jailed unless she purged herself of the contempt by providing Mr. Bruns with the necessary tax documents within three days of the judgment. The trial court also ordered Ms. Capraro to pay $1000 in attorney's fees and court costs. Ms. Capraro purged herself of the contempt by executing the tax documents and, then, filed this appeal.

### Contempt Appeal Not Reviewable

In her first and third points on appeal, Ms. Capraro claims the trial court erred in finding her in contempt of court because she was denied due process of law. Before reaching the merits of Ms. Capraro's claims, this court must, sua sponte, determine whether it has jurisdiction over the claims raised on appeal. *In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000). In order to have jurisdiction, there must be a final, appealable judgment. *In the Interest of E.N.K.*, 126 S.W.3d 458, 461 (Mo.App. W.D.2004). Therefore, this court must examine whether the trial court's contempt order is appealable.

"Where a contempt order has the purpose of coercing a party to comply with a court order rather than punishing a party to protect, preserve, and vindicate the power and dignity of the court, the order

is one for civil contempt." *City of Pagedale v. Taylor*, 790 S.W.2d 516, 518 (Mo. App. E.D.1990). Here, the trial court's contempt order was issued for the purpose of compelling Ms. Capraro to provide Mr. Bruns with the tax documents necessary for Mr. Bruns to claim their daughter as a dependant for the 2003 tax year. Indeed, Ms. Capraro was able to purge herself of the contempt by signing the tax documents. The trial court, therefore, found Ms. Capraro in civil contempt.

 "A party held to be in civil contempt has two options: (1) purge [herself] of the contempt by complying with the court's order, making the case moot and unappealable; or (2) appeal the order, but only after the court's order is enforced by incarceration or otherwise." *Lieurance v. Lieurance*, 111 S.W.3d 445, 446 (Mo.App. E.D.2003).[1] Here, Ms. Capraro chose the first option. In her brief, Ms. Capraro admits she "purged herself of the contempt portion of the trial court's judgment" on September 10, 2004. "An appellate court will not review contempt proceedings where the contemnor has complied with the order or has purged" herself. *Yeager v. Yeager*, 622 S.W.2d 339, 343 (Mo.App. E.D.1981). The part of the trial court's judgment finding Ms. Capraro in contempt is, therefore, not appealable. *McGee v. McGee*, 25 S.W.3d 489, 490 (Mo.App. E.D.2000). Ms. Capraro's first and third points, challenging the portion of the trial court's judgment finding her in civil contempt, are unappealable and, therefore, are dismissed.

### No Error in Awarding Attorney's Fees to Mr. Bruns

 In her second point on appeal, Ms. Capraro claims the trial court abused its discretion in awarding Mr. Bruns attorney's fees and court costs because the trial court failed to consider both parties' incomes and the provisions of the Separation Agreement. This court can consider the merits of this claim of error, because "[t]he attorney's fees and costs awarded to the respondent are a different matter entirely" from the contempt order; an award of attorney's fees and costs "is not a portion of the civil contempt order itself which is solely to coerce compliance." *Pagedale*, 790 S.W.2d at 518. While the contempt order cannot be appealed, that part of the trial court's judgment relating to attorney's fees and court costs is appealable. *See McGee*, 25 S.W.3d at 490–491.

In her claim that the trial court failed to consider the incomes of the parties in awarding attorney's fees to Mr. Bruns, Ms. Capraro assumes that the authority for the award of attorney's fees is section 452.355. Section 452.355.1 allows for the recovery of costs associated with "maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment." Section 452.335.2 allows the recovery of attorney's fees for "any proceeding in which the failure to pay child support pursuant to a temporary order or final judgment is an issue." Mr. Bruns' motion was for contempt, which is neither a "proceeding pursuant to sections 452.300 to 452.415," nor a proceeding for failure to pay child support.[2]

 The trial court's ability to award attorney's fees in Chapter 452 contempt

---

**1.** A contempt order is not final and, therefore, appealable, until it is enforced. *In re Marriage of Tibbs*, 177 S.W.3d 855, 856–857 (Mo. App. E.D.2005).

**2.** While there are some cases that involve both an award of attorney's fees under section 452.355 and civil contempt, these cases also involve either a proceeding for failure to pay

cases, like in other civil contempt cases, is based on the trial court's own inherent powers, and not pursuant to section 452.355. *Saab v. Saab*, 637 S.W.2d 790, 792 (Mo.App. E.D.1982). Under its inherent powers, "[t]he circuit court has authority to assess attorney's fees in civil contempt cases for willful disobedience of a court order." *McNeill v. McNeill*, 708 S.W.2d 751, 754 (Mo.App. E.D.1986). "These fees may be assessed against the violator as part of the expenses and costs incurred by the complainant in the prosecution of the contempt proceedings." *Id.* A trial court's award of attorney's fees in a civil contempt action will be reversed only when the trial court has abused its discretion. *Yeager*, 622 S.W.2d at 343.

Here, the evidence supporting the trial court's exercise of its inherent power to award attorney's fees is Mr. Bruns' testimony at the hearing that both he and his attorney sent Ms. Capraro letters requesting that she provide the tax documents. Mr. Bruns also testified that he asked Ms. Capraro for the documents in person. In her testimony, Ms. Capraro acknowledged receiving the requests from Mr. Bruns. She testified, however, that she sent the documents to Mr. Bruns at his California address because she did not know that Mr. Bruns had moved back to Missouri. Mr. Bruns testified that Ms. Capraro was aware that he had moved back to Missouri.

The trial court determined that Ms. Capraro was not credible in her assertion that she had signed and mailed the forms to Mr. Bruns, but, rather, that Ms. Capraro had "intentionally and in contempt of the Order of [the trial c]ourt failed to send Mr. Bruns the documents." "This court defers to the trial court's credibility determinations and the trial court is free to

believe all, part or none of any witness' testimony." *Hewlett v. Hewlett*, 845 S.W.2d 717, 719 (Mo.App. W.D.1993). The trial court was entitled to believe Mr. Bruns and disbelieve Ms. Capraro. There is substantial evidence in the record to support the trial court's award of attorney's fees to Mr. Bruns, so the trial court did not abuse its discretion in its award of attorney's fees.

■■■ Because the trial court did not abuse its discretion in awarding Mr. Bruns attorney's fees for Ms. Capraro's contempt under its inherent powers, Ms. Capraro's argument that the trial court failed to consider the parties' incomes, as required by section 452.355, need not be considered. Even if this court were to examine the merits of Ms. Capraro's claim, Ms. Capraro would not prevail. "The trial court's decision as to a request for award of attorney's fees is presumptively correct." *Williams v. Williams*, 55 S.W.3d 405, 418 (Mo.App. W.D.2001). Absent some evidence to the contrary, the trial court is presumed to have considered all relevant factors in awarding attorneys fees. *Sullivan v. Sullivan*, 159 S.W.3d 529, 542 (Mo. App. W.D.2005). Nothing in the record indicates that the trial court did not consider all relevant factors, including the parties' incomes, in awarding Mr. Bruns attorney's fees under section 452.355.

■■ Ms. Capraro also claims, on appeal, that the parties' Separation Agreement precludes the award of attorney's fees to Mr. Bruns. In support of her claim, Ms. Capraro cites a section of the Separation Agreement that states:

> In the event that either party to this Agreement brings an action for failure to perform any of the obligations im-

child support, or a proceeding under sections 452.300 to 452.415. *See In re Marriage of Crow*, 103 S.W.3d 778, 783 (Mo.2003);

*Adams v. Adams*, 51 S.W.3d 541, 549 (Mo. App. W.D.2001); *McIlroy v. Simmons*, 832 S.W.2d 949, 952 (Mo.App. E.D.1992).

posed by the Agreement on him or her, or for enforcement or clarification of the Agreement, the prevailing party in such action shall have the right to recover his or her attorney's fees and litigation costs reasonably expended in prosecuting or defending the action. However, no attorney fees shall be so recovered by a party filing an action unless that party seeking to recover said attorney fees and costs shall have mailed to the breaching party written notice of the alleged failure to perform and said alleged failure was not cured within ten (10) days after the date of mailing said notice by certified mail to the alleged breaching party's business or residence address.

Ms. Capraro argues that this language conditioned the award of attorney's fees on proof that Mr. Bruns sent a certified letter to her and gave her ten days to cure any alleged breach. Ms. Capraro further argues that, because there is no evidence in the record of the date Mr. Bruns sent a certified letter informing her that she was in violation of the Separation Agreement or demonstrating the contents of the letter, the clause precludes an award of attorney's fees to Mr. Bruns. Without knowing the date on which the letter was sent or its contents, Ms. Capraro argues this court cannot know whether she was provided ten days in which to cure the breach, as required by the Separation Agreement.

Mr. Bruns testified that he sent Ms. Capraro a certified letter as required by the Settlement Agreement. Without objection, he testified that his letter asked Ms. Capraro to execute the necessary IRS forms to permit him to claim their daughter as a dependent. He stated he even enclosed the necessary form, Form 8332, in the letter. He also admitted into evidence, as Exhibit A, the unopened envelope, containing the letter, which had been returned as unclaimed. At the hearing, Ms. Capraro testified as follows:

[MR. BRUNS' COUNSEL]: And you got a notice, did you not, that you were sent a letter by certified mail, return receipt requested at [your home] address?

[MS. CAPRARO]: Yeah.

[MR. BRUNS' COUNSEL]: In fact, they sent the first notice on November 22, 003 and the second notice on December 5, 2003; is that right?

[MS. CAPRARO]: (No audible response)

[MR. BRUNS' COUNSEL]: So they gave you two attempts to pick it up?

[MS. CAPRARO]: Yeah. That's probably right. My daughter was in Columbia having a baby during that time so I was in Columbia while she was having a C-section, so I didn't get to check my mail due to that.

Ms. Capraro's acknowledgment that she was given two chances to pick up the letter, November 22, 2003, and December 5, 2003, and her statement that her daughter was "having a baby during that time" could reasonably be found by the trial court to be evidence that the certified letter was sent prior to November 22, 2003. This court "presume[s] all fact issues were found in accordance with the judgment." *Clippard v. Pfefferkorn*, 168 S.W.3d 616, 618 (Mo.App. E.D.2005). Additionally, Mr. Bruns testified, without objection, as to the contents of his certified letter, and Ms. Capraro failed to include Exhibit A in the record on appeal. "All evidentiary omissions in the record on appeal are presumed to support the trial court's decision." *Runny Meade Estates, Inc. v. Datapage Technologies Int'l, Inc.*, 926 S.W.2d 167, 168 n. 2 (Mo.App. E.D.1996). This court may assume omitted portions of the record are unfavorable to Ms. Capraro. *Id.* Thus, Ms. Capraro's failure to provide the neces-

sary record on appeal, i.e., Exhibit A, causes this court to assume that the exhibit would be unfavorable to her. *Id.* Under this standard, Mr. Bruns' testimony, coupled with Ms. Capraro's admissions, provides sufficient evidence from which the trial court could have determined that a certified letter was sent to Ms. Capraro by November 22, 2003. The hearing on Mr. Bruns' motion for contempt was not until September 9, 2004. Thus, Ms. Capraro was given the proper notice and had more than the ten days required by the Settlement Agreement to cure her breach. Consequently, the trial court's decision complies with the terms of the Settlement Agreement. Ms. Capraro's second point is denied.

Because Ms. Capraro purged herself of contempt, her appeal of the provisions of the trial court's judgment holding her in contempt is not appealable, and, therefore, is dismissed. Further, since the trial court did not err in ordering Ms. Capraro to pay $1000 of Mr. Bruns attorney's fees and court costs, that portion of the trial court's judgment is affirmed.

All concur.