**John C. LABARCA, Jr., Respondent,**

v.

**Karen Lea LABARCA, Appellant.**

**WD 79944**

Missouri Court of Appeals, Western District.

OPINION FILED: September 19, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied October 31, 2017.

---

**332**

Jonathan Sternberg and Ashlyn Buck Lewis, Kansas City, MO, Attorneys for Respondent.

Nancy A. Garris, Blue Springs, MO, Attorney for Appellant.

Before Division IV: Mark D. Pfeiffer, Chief Judge, and Victor C. Howard and Karen King Mitchell, Judges

Mark D. Pfeiffer, Chief Judge

Karen LaBarca ("Wife") appeals from the rulings of the Circuit Court of Jackson County, Missouri ("trial court"), entered on each of John LaBarca's ("Husband") three applications to show cause and motions for judgment of contempt filed after the dissolution of their marriage. Because none of the trial court's rulings held Wife in contempt, there is no judgment of contempt for this court to review; therefore, her appeal regarding this issue is dismissed. The trial court's award to Husband of the attorney's fees and expenses he incurred in prosecuting his second contempt motion is affirmed.

### Factual and Procedural History [1]

Husband and Wife were married in 1993, and separated in 2010. Two children

---

1. "We view the evidence and all permissible inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences." *D.R.P. v. M.P.P.*, 484 S.W.3d 822, 824 n.1 (Mo. App. W.D. 2016) (internal quotation omitted).

were born of the marriage. In 2010, Husband petitioned for dissolution of the marriage, and the parties entered into a separation and property settlement agreement ("Agreement").

The Agreement divided the parties' marital real and personal property; set apart the non-marital property; provided for child custody, parenting time, and child support; and provided that Husband pay maintenance to Wife. At the time of the Agreement, Husband and Wife owned three pieces of real property: a house in Blue Springs, Missouri, which would remain the residence of the children, with Husband and Wife alternating weeks residing there; a condominium in Lee's Summit, Missouri, in which Husband and Wife would have the right to reside during the weeks they did not have parenting time with the children; and a condominium in Branson, Missouri, in which Husband and Wife would each have seven days' occupancy annually. Husband and Wife agreed that the three properties would not be sold until both children finished high school or turned nineteen, whichever occurred first, or until Husband or Wife remarried.[2] Husband agreed to pay $3,000 per month maintenance to Wife, which maintenance would terminate upon the death of Husband or Wife, Wife's remarriage, or thirteen years from the date of the judgment of dissolution, whichever occurred first. The amount of maintenance, but not its duration, could be modified based upon a substantial and continuing change of circumstances. The parties also agreed that if either of them breached the Agreement, the non-breaching party would recover

from the breaching party the non-breaching party's attorney's fees and costs in pursuing his or her legal remedies.

On October 20, 2011, the trial court entered a Judgment of Dissolution of Marriage, which incorporated the Agreement. In July 2013, Wife moved to an apartment in downtown Kansas City, and she and Husband agreed she could take some items from the Blue Springs house. In August 2015, Husband remarried, triggering the Agreement's right of sale of the real property.

On November 3, 2015, Wife filed a motion for a judgment of contempt, alleging twenty violations of the dissolution judgment by Husband, including failing to pay maintenance, failing to maintain the Blue Springs house, failing to pay the children's expenses, and interfering with her parental rights. On December 1, 2015, Husband filed an application for order to show cause and motion for judgment of contempt, alleging that Wife refused to comply with the remarriage provision of the dissolution judgment that triggers the sale of the real properties by failing to cooperate in the sale of the Blue Springs house and Lee's Summit condominium or to make an offer to purchase the properties. The trial court held a hearing on March 1, 2016, and entered a judgment and order on March 9, 2016, based upon an agreement between the parties:

- the Blue Springs and Lee's Summit marital real property was set aside as the sole and separate property of Husband;

**2.** We note that section 452.330 of the Dissolution of Marriage Act "seeks to effectively minimize the necessity for recourse to further litigation to completely sever all relations between the parties." *In re Marriage of Accurso,* 234 S.W.3d 556, 557 (Mo. App. W.D. 2007) (internal quotation omitted). The case before

us illustrates the problem with undivided property after a dissolution where "[t]he circuit court's property allocation obligates the parties to interact significantly more than a different, yet equally equitable, property division would likely require." *Id.* at 558.

- within forty-eight hours of the entry of judgment, Wife was to sign a quitclaim deed to both properties; thereafter, Husband had the exclusive right to use and possess both properties;

- upon receipt of both quitclaim deeds, Husband was to pay to Wife the sum of $3,000 for her equitable marital interest in the two properties.

The trial court determined that the parties' agreement resolved all claims of contempt alleged by both parties, and the court found that neither party was in contempt of the dissolution judgment.

Husband filed a second application for order to show cause and motion for judgment of contempt on March 4, 2016. Husband alleged that on March 3, 2016, Wife removed property and furnishings from the Blue Springs house without his consent or knowledge, which impaired the functionality of the house and its presentation for sale. He requested that the trial court order Wife to return or compensate him for all furnishings removed from the house and to pay his reasonable attorney's fees. A show cause hearing was scheduled for March 22, 2016. After consulting with the parties in chambers, the trial court gave Wife the option to either return on March 26, 2016, the items she removed from the Blue Springs house or proceed with the hearing. Wife elected to return the items, and the trial court issued an order on March 22, 2016, providing Husband and Wife with specific directives regarding the return of the property Wife removed from the residence. The trial court set a later date for a show cause hearing to evaluate the merits of Husband's second motion.[3]

The trial court held a show cause hearing on Husband's second motion for contempt on April 6 and 7. The court issued its judgment and order on April 22, 2016, finding that between March 1 and March 5, 2016, Wife removed numerous household goods and personal property from the Blue Springs house without Husband's knowledge or consent in violation of the dissolution judgment. The trial court specifically found Husband's testimony was credible and Wife's testimony was not. The trial court further found that although Wife did not act in good faith and was recalcitrant in taking the property, she substantially complied with the court's March 22 order to return the property and should not be held in contempt of court for her actions. The trial court entered judgment in favor of Husband and against Wife in the amount of $9,000, representing attorney's fees and costs. The trial court ordered Wife to satisfy the attorney's fees and costs ruling by returning monthly maintenance payments to Husband for the months of May, June, and July of 2016.

On May 12, 2016, Husband filed a third application for order to show cause and motion for judgment of contempt, alleging that Wife refused to comply with the trial court's April 22 judgment by failing to reimburse Husband the attorney's fees and costs as ordered by the trial court. On May 17, 2016, the trial court entered its order, finding that Wife had continually been recalcitrant in following the court's orders. The court stated that it "sees one alternative remedy to [Wife's] continuing contumaciousness. This Court's last alternative to get its Order enforced is to incarcerate [Wife], and this Court is loath to do that. However, this court will not hesitate to incarcerate [Wife] if necessary." In or-

3. On March 29, 2016, Wife filed a second application for an order to show cause and motion for judgment of contempt, alleging that Husband violated the trial court's March 22 order by allowing one of the minor children of the parties to be present at the Blue Springs house on March 26. The trial court denied her application on April 26, 2016.

der. to enforce its April 22 judgment against Wife for $9,000 for Husband's attorney's fees and costs, the trial court relieved Husband of his requirement to pay Wife $3,000 per month maintenance for June, July, and August of 2016. Based upon this order, the trial court concluded that Husband's third application to show cause was moot.

That same day, Wife filed a motion for new trial or to amend the judgment, which the trial court denied on July 27, 2016.

Wife appeals.

### Standard of Review

 The trial court's judgment in a civil contempt proceeding will not be disturbed on appeal absent a clear abuse of discretion. *Walker v. Lonsinger*, 461 S.W.3d 871, 875 (Mo. App. W.D. 2015). "An abuse of discretion occurs when the ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (internal quotation omitted). The trial court's judgment in a civil contempt proceeding must be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *D.R.P. v. M.P.P.*, 484 S.W.3d 822, 826 (Mo. App. W.D. 2016)

(quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "We defer to the trial court's credibility determinations and its weighing of the evidence." *Id.* (internal quotation omitted).

### Analysis [4]

#### Point I—Contempt

 In the first of Wife's two points on appeal, she asserts that the trial court violated her due process rights when it held her in contempt in the trial court's rulings below. The fundamental problem with Wife's assertion is that the trial court did not find Wife in contempt in the March 9 Judgment and Order, the April 22 Judgment and Order, or the May 17 Order. In the March 9 Judgment, the trial court found:

> 3. [T]he parties have reached an agreement and the parties' respective Motions for Judgment of Contempt are no longer at issue....

> 4. The Court finds that [Husband] is not in contempt of the Judgment of Dissolution entered on October 20, 2011.

> 5. The Court finds that **[Wife] is not in contempt** of the Judgment of Dissolution entered on October 20, 2011.

> ....

> IT IS FURTHER ORDERED that this Order, pursuant to the agreement of the parties, resolves all claims of contempt

4. Before addressing Wife's claims on appeal, we are compelled to note that her points relied on contain multifarious claims of error and, accordingly, violate Rule 84.04. Wife's first point challenges three separate and distinct rulings of the trial court (March 9 Judgment and Order, April 22 Judgment and Order, and May 17 Order), and in her second point, she claims the trial court's award of attorney's fees to Husband was a misapplication of the law and was against the weight of the evidence. "A point relied on should contain only one issue, and parties should not group multiple contentions about different is-

sues together into one point relied on." *Wennihan v. Wennihan*, 452 S.W.3d 723, 728 (Mo. App. W.D. 2015) (internal quotation omitted). "Despite this flagrant disregard of the rules, the policy of the appellate courts in this State is to decide a case on the merits rather than technical deficiencies in the brief." *Id.* (internal quotation omitted). "Because we are able to discern the claims being made and the defective nature of the point[s] relied on does not impede our disposition of the case on the merits, we will exercise our discretion to attempt to resolve the issues on the merits." *Id.* (internal quotation omitted).

alleged by both parties, and **neither party is found to be in contempt** of the Judgment of Dissolution entered on October 20, 2011.

(Emphasis added.) In the April 22 Judgment and Order, the trial court found:

5. On March 22, 2016, ... [a]fter consult with counsel in chambers, the Court gave [Wife] a choice to return the items taken from the [Blue Springs house] ... with specific instructions pertaining to the return of the items or to proceed with the hearing. [Wife] elected to return the items.

. . . .

14. The Court finds that while [Wife] did not act in good faith and was recalcitrant in taking the property, she substantially complied with the Court's Order entered on March 22, 2016[,] to return the property, and that **she should not be held in contempt of Court** for her actions.

. . . .

IT IS FURTHER ORDERED that **[Wife] is not held in contempt of Court** for her actions herein.

(Emphasis added.) In the May 17 Order, the trial court relieved Husband of his June, July, and August 2016 maintenance payments in order to enforce its April 22 judgment against Wife for $9,000 for Husband's attorney's fees, costs, and expenses. Based on this order, the trial court concluded that Husband's third application to show cause was moot. The trial court did *not* hold Wife in contempt, so there are no contempt findings for this court to review, and Wife's first point is dismissed.[5]

Point I is dismissed.

## Point II—Attorney's Fees Award

In Wife's second point, she contends that the trial court's award to Husband of his attorney's fees and costs was a misapplication of the law and was against the weight of the evidence because the trial court did not consider the financial circumstances and the conduct of the parties prior to making the award. Wife argues that she followed the procedure for the sale of the residences and engaged in no wrongful actions in removing household furniture and furnishings from the Blue Springs house.[6]

"Under its inherent powers, [t]he circuit court has authority to assess attorney's fees in civil contempt cases for willful disobedience of a court order." *Bruns v. Bruns*, 186 S.W.3d 449, 453 (Mo. App. W.D. 2006) (internal quotation omitted). "These fees may be assessed against the violator as part of the expenses and costs incurred by the complainant in the

---

**5.** Even if the trial court's rulings constituted civil orders of contempt, they are not final appealable judgments. If a judgment is not final, "this Court lacks jurisdiction and must dismiss the appeal." *In re Marriage of Crow & Gilmore*, 103 S.W.3d 778, 780 (Mo. banc 2003). For purposes of appellate review, "a civil contempt order is not final until 'enforced.'" *Id.* at 781. When "enforcement" of a civil contempt order occurs depends on the remedy imposed to coerce compliance: either compensatory *per diem* fines or imprisonment. *Id.* "When the remedy is a fine, the contempt order is 'enforced' when the moving party executes on the fine." *Id.* In this case, the rulings Wife characterizes as contempt

judgments do not include a fine, only attorney's fees and costs awarded to Husband. Accordingly, with no contempt fine having been levied against Wife, there is nothing for Husband to "enforce."

**6.** Wife's argument ignores our standard of review in an against-the-weight-of-the-evidence challenge: we defer to the trial court's findings of fact when the factual issues are contested and when the facts as found by the trial court depend on credibility determinations. *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014).

prosecution of the contempt proceedings." *Id.* (internal quotation omitted). Even if the trial court's judgment regarding contempt is not a final appealable order, that part of the trial court's judgment awarding attorney's fees and court costs is appealable because that award is an entirely different matter from the contempt issue. *Id.* at 452. *See also Emmons v. Emmons*, 310 S.W.3d 718, 726, 727 (Mo. App. W.D. 2010) (finding that while the contempt judgment before the court was not a final appealable order, "the attorney's fee award is independently appealable," and the court could consider that part of the appeal challenging the attorney's fee award). *Accord Courtney v. Courtney*, 458 S.W.3d 462, 480 (Mo. App. E.D. 2015).

Here, the evidence supported the trial court's exercise of its inherent power to enforce its order and award Husband attorney's fees and costs. At the April 2016 hearing on Husband's second motion for contempt, Wife admitted that although the trial court ordered that all of the items she removed from the Blue Springs house between March 1 and March 5 had to be returned on March 26 and replaced in the position they were in when she removed them from the house, she did not do so. Husband credibly testified that Wife did not return every item she removed from the Blue Springs house, she did not put the items in their proper places in the home as before they were removed, and he was left with a mess. Husband introduced into evidence photographs of the interior of the house before and after Wife removed items from the property. Further, Husband adduced evidence of his attorney's fees incurred in pursuing the contempt action and other associated costs.

■ In the April 22, 2016 Judgment and Order related to Husband's second contempt motion, the trial court found that between March 1 and March 5, 2016, Wife removed numerous household goods and personal property from the Blue Springs house without Husband's knowledge or consent in violation of the dissolution judgment. The trial court specifically found Husband's testimony regarding this matter was credible and Wife's testimony was not. "This court defers to the trial court's credibility determinations[,] and the trial court is free to believe all, part or none of any witness'[s] testimony." *Bruns*, 186 S.W.3d at 453 (internal quotation omitted). The trial court was entitled to believe Husband and disbelieve Wife. The court further found that Wife did not act in good faith and was recalcitrant in taking the property. Accordingly, though the trial court stopped short of finding Wife in contempt of the dissolution judgment, he ordered wife to pay Husband's attorney's fees and costs, since he was the prevailing party in enforcing the dissolution judgment which led to the trial court ordering the return of the property. The trial court ordered Wife to return to Husband the $3,000 per month maintenance payments for May, June, and July of 2016 to satisfy the $9,000 judgment. Wife refused to do so.

■ Wife's refusal prompted Husband to file yet a third application for order to show cause and motion for judgment of contempt, alleging that Wife refused to comply with the trial court's April 22 judgment. On May 17, 2016, the trial court entered its order, finding that Wife had continually been recalcitrant in following the court's orders, and that in order to enforce its April 22 judgment against Wife for $9,000 for Husband's attorney's fees and costs, Husband was relieved of his June, July, and August 2016 maintenance payments.[7]

7. The trial court had the inherent power to compel a set-off. *Janes v. Janes*, 242 S.W.3d

There was substantial evidence that Wife willfully disobeyed the trial court's order; the trial court had inherent authority to enforce its order and did not abuse its discretion in awarding attorney's fees to Husband. *See id.*

Additionally, although Missouri courts have historically adhered to the "American rule" that litigants bear the expense of their own attorney fees, certain exceptions have been recognized. *Reed v. Reed*, 10 S.W.3d 173, 181 (Mo. App. W.D. 1999). The exceptional situations in which Missouri permits the award of attorney's fees as part of costs or damages include: where the right to attorney's fees is set by statute or provided for by contract; where the right to attorney's fees results from collateral litigation;[8] or where a court of equity, in very unusual circumstances, finds an award of attorney's fees necessary in order to balance benefits. *Id.* at 181-82. The law permits the recovery of reasonable attorney's fees incurred in the prosecution of contempt proceedings, whether as a separate exception or as a specific application of the equitable exception. *Id.* at 182. "Attorney fee provisions in separation agreements fit under the 'contract' exception to the 'American rule.'" *Schottel-Lehde v. Schottel,* 75 S.W.3d 359, 365 (Mo. App. W.D. 2002).

In the Agreement contained in the dissolution judgment, the parties agreed that:

> In the event that either party breaches this Agreement, in addition to all other remedies and awards provided for herein, or available pursuant to applicable law, the non-breaching party shall recover from the breaching party a reasonable sum as and for the attorney's fees of the non-breaching party and the costs incurred by the non-breaching party in pursuing his or her legal remedies.

Husband has shown a legitimate claim for his attorney fees in accordance with the provisions of the Agreement, which was incorporated into the dissolution judgment. In the April 22, 2016 Judgment and Order, the trial court found that Wife "did disobey the provisions of the Judgment and Decree of Dissolution of Marriage by taking of property from [Husband's] residence." The trial court ordered Wife to pay Husband's reasonable attorney's fees and costs associated with enforcing the dissolution judgment. There is substantial evidence in the record to support the trial court's award of attorney's fees and costs to Husband; accordingly, the trial court did not abuse its discretion in its award of such fees and costs.

744, 750 (Mo. App. W.D. 2007). "Where mutuality of debts and parties exists, the trial court may order a set-off." *Id.* "[M]aintenance is intended to benefit a spouse, who is party to the action." *Id.* "[W]hether to allow a set-off in a particular case is usually left to the discretion of the trial judge." *Id.* (internal quotation omitted). In this case, the dissolution judgment obligated Husband to pay Wife $3,000 per month in maintenance. Based upon the April 22, 2016 Judgment and Order, Wife owed Husband $9,000 in attorney's fees, costs, and expenses. "The set-off in this case clearly involves obligations that are mutual and subsisting between the same parties, and due in the same capacity or right." *Id.* at 751

(internal quotation omitted). Accordingly, the trial court did not abuse its discretion in offsetting the awards.

8. Husband suggests that the collateral litigation exception to the American Rule applies in this case. We disagree. "[F]or a party to recover attorney fees under the collateral litigation exception to the 'American Rule,' that party must have incurred the fees as a result of suing, or being sued by, *an outside third party.*" *Reed v. Reed*, 10 S.W.3d 173, 182 (Mo. App. W.D. 1999) (internal quotation omitted). Here, there were no "outside third parties" involved in the proceedings below.

Because the trial court awarded Husband attorney's fees and costs due to Wife's blatant refusal to comply with the terms of the dissolution judgment, Wife's argument that the trial court failed to consider the parties' incomes, as required by section 452.355, need not be considered.[9] Even if this court were to examine the merits of Wife's claim, she would not prevail. "The trial court's decision as to a request for award of attorney's fees is presumptively correct." *Bruns*, 186 S.W.3d at 453 (internal quotation omitted). "Absent some evidence to the contrary, the trial court is presumed to have considered all relevant factors in awarding attorney['']s fees." *Id.*

Consequently, in light of the trial court's clear inherent authority, and pursuant to the terms of the Agreement that was incorporated into the dissolution judgment, the trial court did not abuse its discretion in ordering that Wife pay Husband $9,000 in attorney's fees and costs. *See id.* ("A trial court's award of attorney's fees in a civil contempt action will be reversed only when the trial court has abused its discretion.").

Point II is denied.

## Conclusion

Since the trial court did not enter a judgment or order finding Wife to be in contempt, Wife's appeal alleging error for the trial court's alleged contempt ruling is dismissed. Further, as the trial court did not abuse its discretion in ordering Wife to pay Husband attorney's fees and costs associated with Husband's enforcement of the dissolution judgment, the trial court's ruling as to the award of such attorney's fees and costs to Husband is affirmed.[10]

Victor C. Howard and Karen King Mitchell, Judges, concur.

---

9. Under the statutes governing dissolution of marriage, a trial court has the authority pursuant to section 452.355.1, RSMo 2016, to award attorney's fees to a party after the entry of a final judgment:

> Unless otherwise indicated, the court from time to time after considering all relevant factors *including the financial resources of both parties*, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in the attorney's name.

(Emphasis added.) As explained in *Bruns v. Bruns*, 186 S.W.3d 449 (Mo. App. W.D. 2006), "Mr. Bruns'[s] motion was for contempt, which is neither a 'proceeding pursuant to sections 452.300 to 452.415,' nor a proceeding for failure to pay child support." *Id.* at 452 (footnote omitted). "While there are some cases that involve both an award of attorney's fees under section 452.355 and civil contempt, these cases also involve either a proceeding for failure to pay child support, or a proceeding under sections 452.300 to 452.415." *Id.* at 452 n.2. *See In re Marriage of Crow*, 103 S.W.3d at 783; *Adams v. Adams*, 51 S.W.3d 541, 549 (Mo. App. W.D. 2001); *McIlroy v. Simmons*, 832 S.W.2d 949, 952 (Mo. App. E.D. 1992). In this case, the trial court did not adjudicate its award of attorney's fees and costs pursuant to section 452.355.1. Rather, the trial court was enforcing its order regarding Wife's compliance, or lack thereof, with the terms of the dissolution judgment.

10. Pursuant to this court's Special Rule XXIX, both parties have filed written motions for attorney's fees on appeal before submission of this case. The motions were taken with the case and are herewith denied.