## MISSOURI COURT OF APPEALS
## WESTERN DISTRICT



| | | |
|---|---|---|
| RENEE T. VAUGHT (A/K/A RENEE LEPPER, A/K/A RENEE WILDE), | ) ) ) | |
| Respondent, | ) ) | WD87742 |
| v. | ) ) | OPINION FILED: |
| SHAWN VAUGHT, | ) ) | AUGUST 5, 2025 |
| Appellant. | ) ) ) | |

**Appeal from the Circuit Court of Cole County, Missouri
Honorable Daniel Green, Judge**

**Before Division Three: Mark D. Pfeiffer, Presiding Judge,
Cynthia L. Martin, Judge, and Janet Sutton, Judge**

Shawn Vaught (Vaught) appeals from the judgment of the Circuit Court of Cole County, Missouri, (circuit court) finding him in contempt of the circuit court's judgment and awarding Renee Lepper (Lepper) attorney's fees. Point one is dismissed because the contempt judgment against Vaught has not yet been enforced and, thus, is not a final judgment for purposes of appeal. As to point two, we affirm the circuit court's award of attorney's fees to Lepper.

**Factual and Procedural Background**

Vaught and Lepper married in September 1996 in Miller County, Missouri. In January 2014 Lepper filed for dissolution of the marriage in Cole County, Missouri, and the marriage was

1

dissolved by the circuit court in a judgment entered in May 2014. Vaught was incarcerated when the marriage was dissolved.

At the time the dissolution judgment was entered, there was no agreement as to the division of the marital personal property and debt. The circuit court found that there were no non-marital debts to be distributed. With regard to the marital debts, the court apportioned a debt to Capital Chrysler to Lepper, and apportioned any and all business debt to Vaught, specifically any debt that arose from the illegal activities for which he was incarcerated. Vaught had pleaded guilty to wire fraud and money laundering involving a business, Infinite Power Design, LLC (Infinite Power). Vaught and Lepper were members of Infinite Power. The circuit court ordered Vaught to "indemnify and hold harmless [Lepper] with respect to any such [business] debt."

In June 2022, Lepper filed her first contempt motion, alleging Vaught failed to comply with the dissolution judgment. According to Lepper, Vaught failed to repay a debt owed by Infinite Power for a Small Business Administration (SBA) loan. Lepper argued she was harmed and would continue to be harmed by Vaught's failure to pay the loan and debt in violation of the dissolution judgment because $3,256.56 was garnished from her wages as of May 31, 2022, and future wages would continue to be garnished. Furthermore, Lepper alleged that the United States Department of the Treasury issued a wage garnishment order to her employer for $64,158.59 in connection with the unpaid loan along with any interest and penalties. Lepper also stated that the Internal Revenue Service made multiple withholdings from 2016 to 2022 from her income tax returns to repay money owed in connection with a 2008 income tax return related to Vaught's loan and debt.

Lepper requested that the circuit court enter an order of commitment, but allow Vaught to purge his contempt by paying $64,158.59 for the entire amount of outstanding balance owed for

the loan with any accrued and future interest and/or penalties; the $3,256.56 that had been garnished from her wages and any future sums that would be garnished; a sum of $20,500.79 for the amount withheld from Lepper's income tax returns and additional funds due to the Department of the Treasury; and Lepper's attorney's fees and expenses. In December 2022, the circuit court found that Vaught "willfully and intentionally failed and refused to abide by the terms of the [dissolution judgment]." The circuit court found the SBA loan to be a business debt, and that Vaught failed to pay the loan as ordered by the dissolution judgment. In the first contempt judgment, the circuit court ordered that Vaught pay Lepper:

(a) the sum of $8,344.07 for the amount of money garnished from her wages based upon her paycheck date[d] November 30, 2022[;]
(b) the sum of $8,398.00 in connection with the IRS debt which [Lepper] has had withheld from her income tax refunds;
(c) the sum of $12,299.32 in connection with the 2008 tax return . . . ; and
(d) the sum of $3,820.90 for her attorney fees and expenses.

In March 2023, Lepper filed a second contempt motion. Lepper argued Vaught failed to pay any of the money ordered in the first contempt judgment and the dissolution judgment. Lepper requested that the circuit court enter an order of commitment but allow Vaught to purge his contempt by paying the outstanding balance owed for the first contempt judgment in the amount of $32,862.29, with any accrued interest; $2,835.31 for the amount that was garnished from Lepper's wages as of March 15, 2023, with future sums; and attorney's fees and expenses. The second contempt judgment was entered in May 2023, again finding Vaught in contempt for failing to pay any of the $32,862.29 ordered by the first contempt judgment. Vaught was ordered to pay Lepper an initial lump sum of $5,102.13, and $958.89 each month thereafter beginning on June 1, 2023.

The circuit court issued an order of commitment in connection with the second contempt judgment on June 14, 2023, directing the Sheriff of Miller County, Missouri, to arrest Vaught for

his continuing violation of the first contempt judgment and allowing for Vaught to post a cash bond in the amount of $5,102.13 to be released from such commitment.

In August 2023, the circuit court withdrew the contempt judgment and commitment order after it received information that Vaught paid the ordered amount.

Lepper filed her third contempt motion in January 2024. Lepper argued that she was still harmed by Vaught's failure to pay the loan and debt, as her wages continued to be garnished since November 2022 and that the Department of the Treasury withheld funds from her and her husband's 2022 income tax return refund to satisfy Vaught's debt. Lepper requested that the circuit court find Vaught to be in contempt and that the circuit court "use any and all means to enforce its [j]udgment, including, but not limited to ordering jail commitment" for Vaught. Lepper further requested that the circuit court order Vaught to pay her the amount garnished from her wages since November 2022, the funds withheld from her and her husband's 2022 income tax return refund, any additional sums that may be garnished from her wages, and her attorney's fees and expenses.

Vaught filed a motion to dismiss the third contempt motion. Vaught argued that the doctrine of *res judicata* applied because the third contempt motion sought "to again have [Vaught] held in contempt for the failure to pay the exact same debt" that was raised in the first contempt motion, and the only difference was the additional money that was allegedly garnished from Lepper. The circuit court denied Vaught's motion to dismiss.

After a hearing on the third contempt motion, the circuit court found that:

[ ] [S]ince the date of trial on December 6, 2022, and the entry of its Judgment on December 21, 2022, [Lepper] has continued to be harmed by [Vaught's] failure to pay the Loan and Debt, all in violation of the Judgment entered May 5, 2014, because $30,039.02 have been garnished from [Lepper's] wages and withheld from her income tax return refunds . . . .

. . .

4

[ ]  The Court finds that [Vaught] has willfully and intentionally failed and refused to abide by the terms of the Judgment entered by this court on May 5, 2014.

[ ]  [Lepper] has incurred attorney fees and expenses in the amount of $3,665.73 at the time of the hearing.

The circuit court found Vaught in contempt of the dissolution judgment and ordered him to pay Lepper a total of $33,704.75 within sixty days of the judgment for the amounts withheld from Lepper's wages and various tax refunds, and for Lepper's attorney's fees and expenses.

Vaught appeals.  Additional facts relevant to the disposition of the appeal are included below as we discuss Vaught's two points on appeal.

## Standard of Review

We will sustain a circuit court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Malin v. Cole Cnty. Prosecuting Att'y*, 678 S.W.3d 661, 671 (Mo. App. W.D. 2023) (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

## Legal Analysis

Vaught raises two points on appeal.  First, Vaught argues that the circuit court erred in finding that Lepper's third contempt motion was not barred by *res judicata* because the entire debt that Vaught allegedly owed could have been litigated at the hearing on the first contempt motion, as the entire debt was ascertainable and sought at the time of the hearing.  Second, that the circuit court erred in awarding attorney's fees to Lepper because the record contained no evidence that the court considered relevant factors, in that no financial information was adduced or available, and Vaught had a good faith belief as to the circuit court's inability to make a finding based upon *res judicata*, thus, he did not willfully disregard the circuit court's order.

5

**Point One**

Before we address point one on the merits, we must first determine whether we have jurisdiction to hear the claim on appeal. A final judgment is a prerequisite for our jurisdiction, and if we have any doubt about the judgment's finality we must address it *sua sponte*. *Jefferson City Med. Grp., P.C. v. Brummet*, 665 S.W.3d 380, 384 (Mo. App. W.D. 2023) (citation omitted).

Like other judgments, a civil contempt judgment is appealable only if it is final. *Emmons v. Emmons*, 310 S.W.3d 718, 722 (Mo. App. W.D. 2010) (citation omitted). Civil contempt is intended to benefit a party for whom a judgment was entered by coercing compliance, usually by including coercive measures such as a commitment or fine. *Smotherman v. White*, 556 S.W.3d 655, 657 (Mo. App. S.D. 2018) (citation omitted). A party held in civil contempt can either: "(1) purge himself of the contempt by complying with the [circuit] court's order, making the case moot and unappealable; or (2) appeal the order, *but only after the [circuit] court's order is enforced by incarceration or otherwise*." *Emmons*, 310 S.W.3d at 722.

If the contempt order is enforced through imprisonment, the order is not considered enforced until a warrant of commitment is issued or the contemnor is incarcerated. *Keipp v. Keipp*, 646 S.W.3d 303, 305 (Mo. App. W.D. 2022) (citation omitted). If a fine is the enforcement remedy, the moving party must execute on the fine for the contempt order to be considered enforced. *Id.* (citation omitted). *See, e.g., Relaxation, Inc. v. RIS, Inc.*, 452 S.W.3d 743, 751 (Mo. App. W.D. 2015) (finding contempt order was "enforced" because the moving party attempted to execute on the fine by filing an execution/garnishment/sequestration application and order several weeks later). Actual enforcement—and not the mere threat of enforcement—is necessary for a contempt judgment to be final for purposes of appeal. *See*

6

*Emmons*, 310 S.W.3d at 722-23. Otherwise, the contempt order is interlocutory and unappealable. *Id.* at 723.

Here, the contempt judgment ordered Vaught to pay Lepper $33,704.75 within sixty days of the judgment. However, upon Vaught's failure to pay, the record is devoid of any attempt by Lepper to execute on the circuit court's contempt judgment. Although the issuance of an order of commitment is also sufficient to enforce a contempt judgment, here, the circuit court only issued such an order in connection with its second contempt judgment and that order was later withdrawn. As a result, the contempt judgment remains interlocutory and unappealable. *See id.* at 723.

Point one is dismissed.

### Point Two

We now turn to whether the circuit court erred in awarding Lepper her attorney's fees. First, we note that although an award of attorney's fees in a civil contempt proceeding is within the circuit court's discretion, the award is "not a portion of the civil contempt order itself which is to solely coerce compliance." *Id.* at 726 (quoting *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 782-83 (Mo. banc 2003)). Thus, the award of attorney's fees is independently appealable and we can address point two on the merits. *Id.*

Under its inherent powers, a circuit court can assess attorney's fees in civil contempt cases for willful disobedience of a court order, and is not reliant on section 452.355.[1] *Bruns v. Bruns*, 186 S.W.3d 449, 452-53 (Mo. App. W.D. 2006). "These fees may be assessed against the violator as part of the expenses and costs incurred by the complainant in the prosecution of the contempt proceedings." *LaBarca v. LaBarca*, 534 S.W.3d 329, 336-37 (Mo. App. W.D. 2017)

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

(citation omitted). We will reverse the circuit court's award of attorney's fees in a civil contempt action only if there was an abuse of discretion. *Emmons*, 310 S.W.3d at 726 (citation omitted). An abuse of discretion occurs if the circuit court's order "is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Francis v. Wieland*, 512 S.W.3d 71, 84 (Mo. App. W.D. 2017) (citation omitted). *See Courtney v. Courtney*, 458 S.W.3d 462, 480 (Mo. App. E.D. 2015) (finding no abuse of discretion in the circuit court's award of attorney's fees because the record contained substantial evidence of expenses mother incurred while trying to collect unpaid maintenance and child support payments from father).

Here, Vaught argues that the circuit court abused its discretion in awarding attorney's fees because the circuit court failed to consider both parties' incomes, whether Vaught's actions in failing to pay the amount was willful disobedience of the circuit court's order, or the reasonableness of the fees. Vaught argues he was operating under the good faith belief that the additional sums Lepper sought were not, in fact, due or collectable. Vaught claims he presented clear evidence that he had a good faith belief that the previous order of the court had terminated his obligation to pay. Even should *res judicata* apply to the third contempt motion, which we do not decide, it would not terminate Vaught's obligation to pay the debt ordered by the circuit court.

The circuit court's third contempt judgment states:

[ ] [S]ince the date of trial on December 6, 2022, and the entry of its Judgment on December 21, 2022, [Lepper] has continued to be harmed by [Vaught's] failure to pay the Loan and Debt, all in violation of the Judgment entered May 5, 2014, because $30,039.02 have been garnished from [Lepper's] wages and withheld from her income tax return refunds as follows:

8

(a) $429.42 was withheld from her wages from December 1, 2022, to December 15, 2022, admitted as Exhibit 2.[2]

(b) $11,329.95 was withheld from [Lepper's] wages in 2023 admitted as Exhibit 3.

(c) $8,759.64 was withheld from [Lepper's] 2022 IRS income tax refund on or about September 22, 2023, with her current husband admitted as Exhibit 4.

(d) $2,667.20 was withheld from [Lepper's] 2023 IRS income tax refund on or about June 26, 2024, with her current husband admitted as Exhibit 5.

(e) $6,852.81 was withheld from [Lepper's] wages in 2024 based upon her July 31, 2024, paystub admitted as Exhibit 6.

[ ] The Court finds that [Vaught] has willfully and intentionally failed and refused to abide by the terms of the Judgment entered by this court on May 5, 2014.

[ ] Wife has incurred attorney fees and expenses in the amount of $3,665.73 at the time of the hearing.

We do not find that the circuit court abused its discretion based on its specific findings that Lepper was continuously harmed by Vaught's failure to pay the outstanding loan and debt, that Vaught willfully and intentionally failed and refused to abide by the dissolution judgment, and the evidence adduced of Lepper's garnished wages and tax withholdings. The circuit court's award of attorney's fees is presumptively correct, and, without any evidence to the contrary, we presume the circuit court considered all relevant factors in awarding attorney's fees. *See Bruns*, 186 S.W.3d at 453. There is nothing in the record to indicate that the circuit court did not consider all relevant factors such as Vaught's ability to pay and Lepper's financial need. *See id.*

Point two is denied.

---

[2] We note that while we are citing from the third contempt judgment which is in our record on appeal (ROA), the exhibits referenced are not in the ROA.

## Conclusion

The circuit court's judgment is affirmed.

_____
Janet Sutton, Judge

Mark D. Pfeiffer, P.J., and Cynthia L. Martin, J. concur.